EDWARD COYNE, DANIEL A. COYNE and FRED W. MEBOLD, JR., Appellants, v. SOUTHWESTERN BELL TELEPHONE COMPANY, a Corporation, Respondent, No. 41710—232 S. W. (2d) 377.

Division Two, July 10, 1950.

Rehearing Denied, September 11, 1950.

*Robert W. Herr* for appellants; *C. O. Inman* of counsel.

*John Mohler, H. O. Nouss* and *Francis M. Barnes III* for respondent.

TIPTON, J.—On August 10, 1949, the circuit court of the city of St. Louis sustained defendant's motion to dismiss the plaintiffs' amended petition, and also dismissed the cause of action with prejudice. From that order of dismissal the plaintiffs have appealed to this court.

The defendant filed a motion to dismiss plaintiffs' appeal because this court has no jurisdiction of it. The reason assigned in this motion is that the trial court entered a final judgment on April 18, 1949, when it sustained defendant's motion to dismiss. No appeal was taken from this order.

This motion to dismiss was ordered taken with the case. But regardless of defendant's motion to dismiss, it is our duty to examine the record to ascertain if we have jurisdiction of the appeal.

The record shows that defendant filed a motion to dismiss plaintiffs' petition for the reason that it fails to state a cause of action against the defendant. On April 18, 1949, the trial court sustained defendant's motion to dismiss. On April 28, 1949, the court entered an order enlarging the period for pleading until May 18, 1949, and on May 13, 1949, the trial court made an order again enlarging the period of time for pleading until June 1, 1949. On June 2, 1949, plaintiffs filed their amended petition and this amended petition was dismissed on motion of defendant on August 10, 1949.

Section 101 of the new code, Laws of Mo., 1943, page 385, Mo. R. S. A., Sec. 847.101, provides: "A dismissal with prejudice operates as an adjudication upon the merits. * * * and any involuntary dismissal other than one for lack of jurisdiction or for improper venue shall be with prejudice unless the court in its order for dismissal shall otherwise specify." The order of dismissal on April 18, 1949, sustained defendant's motion to dismiss; it was silent as to any intention to give plaintiffs time to file an amended pleading. The defendant's motion to dismiss was on the ground that plaintiffs' petition failed to state a cause of action.

We had this situation before us in the case of Jones v. Williams, 357 Mo. 531, 209 S. W. 2d 907, l. c. 911. In that case we said:

"Therefore, an order of a trial court sustaining a motion to dismiss on the ground that no cause of action is stated is an adjudication upon the merits as well as a dismissal with prejudice. This is true unless the trial court shall otherwise specify. The conclusion seems to be inescapable that such an order, under the plain terms of the statute, is a final judgment, the reason being that the statute so says. If a plaintiff desires to file an amended petition it is up to him to ask leave to do so. The law no longer gives him that right as a matter of law. If he does not wish to file an amended petition he has the right to appeal and have the question of the sufficiency of his pleading determined by an appellate court. The trial court may thereafter permit an amended petition to be filed by sustaining a motion for new trial (Gerber v. Schutte Inv. Co., supra); or by setting aside its judgment within thirty days (Sec. 118) regardless of whether or not a motion for new trial has been filed.

"We hold, therefore, that an order dismissing a petition because no cause of action is stated is a final judgment unless the trial court shall otherwise specify."

To the same effect are the cases of State ex rel. McMonigle v. Spears, Judge, 358 Mo. 23, 213 S. W. 2d 210, and White v. Sievers, 359 Mo. 145, 221 S. W. 2d 118, l. c. 123. In the latter case we said:

"To repeat, it is only when the court sustains a motion to dismiss a petition without stating anything in the order of dismissal to indicate the action is to continue, that the action itself is dismissed."

The order of dismissal in this case failed to state anything that would indicate the action was to continue. Therefore, under section 101 of the new code, it became a final judgment. Under these facts the trial court did not have authority to extend time to plead on April 28, 1949, or May 13, 1949. In other words, under the record in this case all subsequent motions and rulings made by the trial court after April 18, 1949, were a nullity for the reason that on that date a final judgment was entered of record from which no appeal was taken.

If the trial court wanted to permit an amended pleading to be filed after the order of April 18, 1949, was made, he could have set aside that order within thirty days on his own motion, or he could have sustained plaintiffs' motion for a new trial if it had been filed within ten days after the order of dismissal was entered. Jones v. Williams, supra. But this was not done in this case. Nor was any appeal taken from the order of April 18, 1949.

Under these facts we are without jurisdiction of this appeal, and the appeal should be dismissed. It is so ordered. All concur.