Elliott MILLER, Plaintiff-Appellant,

v.

Sol SCHULTZ, Defendant-Respondent.

No. 42435.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 10, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 1981.

Application to Transfer Denied
May 11, 1981.

**12** 

St. Louis County seeking specific performance of a sales agreement. On May 8, 1979, respondent filed an amended motion to dismiss based *inter alia*, upon expiration of the statute of limitations. § 516.120.[1] On June 8, 1979, the trial court sustained respondent's motion on that basis. The trial court in its order did not state whether the dismissal was with or without prejudice nor did the order grant appellant time within which to file an amended petition. Subsequently, on June 16, 1979, appellant filed a motion to vacate the order of June 8, 1979, which was denied on June 29, 1979.

On July 9, 1979, appellant filed a four count amended petition. The first count was identical to the count dismissed on June 8, and was dismissed upon motion by respondent on October 19. Respondent's motion to dismiss Counts II, III and IV was denied. Count I was then denominated a final judgment for purposes of appeal on December 17 and this appeal followed.

Although respondent has not filed a motion to dismiss the appeal, he asserts in his brief that the appeal should be dismissed because the order of June 8, 1979 was a final order from which appellant did not appeal and this court lacks jurisdiction to hear the appeal. It is our duty to examine the facts to ascertain if we have jurisdiction and, having carefully reviewed the trial court's legal file, we agree that the appeal should be dismissed. *Coyne v. Southwestern Bell Telephone Co.*, 360 Mo. 991, 232 S.W.2d 377, [1] (1950).

 To be final and appealable, an order must contain all the essentials of a judgment. *Brown Supply Co. v. J. C. Penney Co.*, 505 S.W.2d 463, 466–67 (Mo.App. 1974). To be a final judgment, an order must dispose of all parties and all issues in the case, unless the trial court has ordered a separate trial of any claim or issue, or has specifically designated the particular judgment as a final judgment for purposes of appeal. *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229, 231 (Mo. banc 1969); *Brown Supply, supra.* Since the original

Dempster K. Holland, St. Louis, for plaintiff-appellant.

Martin Green, Clayton, Edward P. McSweeney, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

Appellant appeals from an order dismissing Count I of a four count petition. That order was denominated a final order for purposes of appeal. Rule 82.06. Appeal dismissed.

On December 29, 1978, appellant filed a one count petition in the Circuit Court of

1. All references to RSMo 1978 unless otherwise indicated.

petition was a one count petition against one defendant, the dismissal of June 8, if with prejudice, operated to dispose of all the issues and parties to the cause and would become a final judgment. An asserted order of dismissal without prejudice or with leave to amend is not a final judgment from which an appeal may be taken. *Bailey v. Williams*, 326 S.W.2d 115, 120 (Mo. 1959).

■ Where as here the order of dismissal does not state whether it was with or without prejudice we turn to Supreme Court Rule 67.03 for guidance:

> ... A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party .... [A]ny involuntary dismissal other than one for lack of jurisdiction, for prematurity of action, for improper venue or for failure to substitute a party for a decedent shall be with prejudice unless the court in its order for dismissal shall otherwise specify.

In *Jones v. Williams*, 357 Mo. 531, 209 S.W.2d 907 (1948), wherein the trial court had not designated whether its order was with or without prejudice, the Supreme Court first interpreted the statutory counterpart [2] to this rule and held that; "... an order of a trial court sustaining a motion to dismiss ... is an adjudication on the merits as well as a dismissal with prejudice. This is true unless the trial court shall otherwise specify." *Id.* at 911. Inasmuch as the trial court's dismissal of the original petition does not fall within one of the four exceptions set forth in the rule,[3] the order of June 8, 1979 was with prejudice.

The court in *Jones* went on to state:

The trial court may thereafter permit an amended petition to be filed only by sustaining a motion for a new trial ... ; or by setting aside its judgment within thirty days ... regardless of whether or not a motion for a new trial has been filed.

In fact appellant attempted to do so by filing a motion to vacate the order of June 8, 1979. However, the trial court denied the motion, so that the order of June 8, 1979 became final 30 days later on July 8, 1979.[4]

In *Coyne v. Southwestern Bell Telephone Co.*, 360 Mo. 991, 232 S.W.2d 377 (1950) a situation similar to the present case, the trial court allowed the plaintiff additional time in which to file an amended petition nearly six weeks after an order dismissing the cause. In dismissing the appeal at 378, the Supreme Court stated:

> The order of dismissal in this case failed to state anything that would indicate the action was to continue. Therefore under Section 101 of the new code, [now Rule 63.07] it became a final judgment. Under these facts the trial court did not have authority to extend time to plead on April 28, 1949, or May 13, 1949 .... If the trial court wanted to permit an amended pleading to be filed after the order of April 18, 1949, was made, he could have set aside that order within 30 days on his own motion, or he could have sustained plaintiffs' motion for a new trial if it had been filed within 10 days after the order of dismissal was entered. *Jones v. Williams, supra*. But this was not done in this case. Nor was any appeal taken from the order of April 18, 1949.

The trial court in the extant case as in *Coyne* had no jurisdiction to entertain ap-

---

**2.** Currently codified as § 510.150 without reference to substitution for a decedent or prematurity of action.

**3.** Appellant asserts a dismissal based upon the statute of limitations is for lack of jurisdiction and thus without prejudice. However, this is not such a case. For an example of a dismissal based on lack of jurisdiction, see *In re Shaw*, 449 S.W.2d 80, 384 (Mo.App.1969).

**4.** Arguably, the motion to vacate was a motion for new trial pursuant to Supreme Court Rule 82.05 *Halmich v. McCullough*, 534 S.W.2d 842, 843 (Mo.App.1976). However, in that case the order became final on the date the motion was denied, in the instant case the motion to vacate was denied on June 29. It matters not how we denominate the order because appellant did not file his notice of appeal until December 26, 1979, clearly beyond the ten days calculated either from June 29, or July 8. Supreme Court Rule 81.04(a) V.A.M.R.

pellant's first amended petition, unless the trial court had set aside its June 8 order within 30 days on its own motion and granted appellant leave to replead. He did not do so.

Appellant cites *St. ex rel. Pisarek v. Dalton*, 549 S.W.2d 904 (Mo.App.1977) and other authority for the proposition that an appeal can be taken only from an order designated final for purposes of appeal pursuant to Rule 82.06. This rule applies for dismissal of less than all parties or less than all claims. When the order of dismissal with prejudice resolves all issues as to all parties, as is the case here, said order will become a final judgment upon the expiration of 30 days or a ruling upon all properly filed after trial motions.[5] *Greene, supra.*

WEIER and GUNN, JJ., concur.

---

5. Although only Count I of the four count petition is before the court, we note the effect this has on the remaining three counts. Since the trial court lost jurisdiction of the case, the first amended petition containing the remaining three counts is not now properly before the trial court. *Greene, supra* at 231.