**Barbara PARKER, Plaintiff,**

v.

**GENERAL SERVICES ADMINISTRATION and United States of America, Defendants.**

**No. 87–1181C(4).**

United States District Court, E.D. Missouri, E.D.

April 14, 1988.

. . . .

Robert W. Ehrig, Dowd, Haseltine, Poertner, Redmond & Ehrig, St. Louis, Mo., for plaintiff.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

This matter is before the Court on defendant United States of America's motion to dismiss.

Plaintiff Barbara Parker filed this complaint seeking damages for a fractured ankle she received as a result of the alleged negligence of defendant. Parker was employed by Glow Janitorial Service which is contracted to perform work for the General Services Administration, an agency of the United States Government. On December 24, 1988, while on the premises of the General Services Administration, plaintiff slipped and fell due to ice on the sidewalk, this fracturing her ankle. Plaintiff filed a claim against Glow Janitorial for workmen's compensation. As a result of that claim a settlement between the two parties was reached.

Plaintiff now files this complaint against the United States of America seeking damages for the fractured ankle. Defendant argues that the complaint should be dismissed, alleging that the exclusive remedy available to plaintiff is under the Workers' Compensation Law and that plaintiff's common law tort claim is barred.

There are two issues before the Court. First, whether or not defendant is considered an employer of plaintiff, and second, whether plaintiff is considered a statutory employee. If Parker is determined to be a statutory employee within the provisions of MO.REV.STAT. § 287.040, this action is not maintainable against the defendant.

In order to determine whether plaintiff is a statutory employee the following findings must be made: (1) the work was performed pursuant to a contract; (2) the injury occurred on or about the premises; and (3) the work performed by the alleged statutory employee must be that which is in the operation of the usual business of the alleged statutory employer, § 287.040; *Green v. Crunden Martin Mfg. Co.*, 575 S.W.2d 930, 932. All three elements must be present to determine that the plaintiff is a statutory employee. *Green* at 932.

Both parties are in agreement on the first two elements. It is factor number 3 that is in contest. According to plaintiff, she was "merely walking away from her job duties." Defendant contends that plaintiff signed affidavits stating that "while in the course of her employment claimant on the way to sign out when she slipped on ice, causing ... the injury." It

appears to the Court that the versions offered by both parties are essentially the same. The question is whether or not walking on the premises of G.S.A. after completion of her shift was work performed in the operation of usual business.

 Prior to reaching the question, the Court finds it necessary to explain the purpose of the establishment of a statutory employer-employee relationship. The statutory relationship was established under § 287.040 to impose liability upon contractors and subcontractors for injuries suffered by their employees. The statute was designed to protect employees of subcontractors who are not financially responsible and to prevent employers from avoiding liability by hiring independent contractors to perform work their own employees would otherwise perform. Where the statutory employer-employee relationship exists, the Workers' Compensation Act applies and a suit at common law is barred. *Green*, 575 S.W.2d at 932.

Glow Janitorial was indeed a contractor with G.S.A. and, as required, Glow had workers' compensation coverage. It is clear that plaintiff was on the premises to perform work. The Court concludes that whether plaintiff was walking "while in the course of her employment" or while exiting the premises after completion of her shift has no legal significance in this case. In *Zahn v. Associated Dry Goods Corp.*, 655 S.W.2d 769, 773 (Mo.App.1983), the court stated that "[a]rrival and departure are adjuncts to the performance of duty and are thus in furtherance of the employer's business, providing the event occurs on the employer's premises."

On plaintiff's claim for compensation filed before the Department of Labor and Industrial Relations, she stated that she was on her way to sign out. Signing out after the completion of her shift is incidental and in furtherance of employment; thus it is an act that is performed in the operation of usual business and is compensable.

In applying the *Green* factors, the Court finds that plaintiff was a statutory employee under MO.REV.STAT. § 287.040. Consequently, plaintiff's rights and remedies are within the exclusive jurisdiction of the Workers' Compensation Commission. Therefore, this case must be dismissed for lack of subject matter jurisdiction. Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss is GRANTED.