Walter BARTON and Wanda Barton,
Plaintiffs/Appellants,

v.

UNITED PARCEL SERVICE, INC.,
Mike McAdaragh and Jeff Hall,
Defendants/Respondents.

No. 61625.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 22, 1992.

Matthew J. Padberg, Padberg, McSweeney, Slater & Merz, St. Louis, for plaintiff/appellants.

Gerard Thomas Noce, Evans & Dixon, Mark Joseph Cero, Law Offices of John D. Wendler, St. Louis, for defendants/respondents.

CRANE, Judge.

Plaintiffs, Walter and Wanda Barton, an injured worker and his spouse, appeal the dismissal of their first amended petition against defendants United Parcel Service (UPS) and two of its employees for injuries the worker sustained while installing a conveyor system on UPS's premises. The trial court dismissed for lack of subject matter jurisdiction, finding the worker to be a statutory employee of UPS. We reverse because the pleadings and exhibit on record provide no basis for the trial court's conclusion that the injured worker was a statutory employee of UPS.

In their first amended petition, plaintiffs alleged that worker was employed as an ironworker for Jervis Webb Co. (Webb), which had been hired by UPS to design, manufacture and install a conveyor system on UPS's premises in St. Louis County. They further alleged that UPS and its employees left debris on and around the system which caused worker to fall from a conveyor on which he was working and sustain injuries.

Defendants moved to dismiss on the ground that worker was an employee of a subcontractor of UPS and thus his injuries were covered by Missouri's Workers' Compensation Law. In support of their motion, defendants filed a copy of the contract between UPS and Webb. Under the contract, Webb agreed to design, manufacture and install a complete and operational conveyor system on premises leased by UPS in St. Louis County that would be equal in quality to a system at UPS's Toledo, Ohio facility. Defendants offered no testimony or other documentary evidence in support of their motion to dismiss.

Plaintiffs argue that defendants failed to sustain their burden of proof. We agree.

Ordinarily, when matters outside the pleadings are presented to and not excluded by the trial court, a motion to dismiss shall be treated as one for summary judgment. Rule 55.27; *Black Leaf Products Co. v. Chemsico*, 678 S.W.2d 827, 829 (Mo.App.1984). However, when the applicability of Missouri's Workers' Compensation Law is raised as a defense to a common law cause of action, "the trial judge must initially treat it as a motion to dismiss for lack of subject matter jurisdiction," regardless of the manner in which it is raised. *Parmer v. Bean*, 636 S.W.2d 691, 696 (Mo.App.1982). The movant is not required to show by unassailable proof that there is no material issue of fact, rather movant must prove by a preponderance of the evidence that the trial court is without jurisdiction. *Id.* The trial judge decides only the preliminary question of the court's own jurisdiction, which is not a decision on the merits and is without *res judicata* effect. *DuBose v. Flightsafety Int'l*, 824 S.W.2d 486, 488 (Mo.App.1992).

Missouri's Workers' Compensation Law establishes a class of workers known as "statutory employees." § 287.040 RSMo 1986. This section is designed to prevent employers from evading workers' compensation liability by hiring third persons as independent contractors. *DuBose*, 824 S.W.2d at 488. A worker is a statutory employee if 1) the work was being performed pursuant to a contract, 2) the injury occurred on or about the premises of the alleged statutory employer and 3) when injured, the alleged statutory employee was performing work in the usual course of the alleged statutory employer's business. *Id.* at 488–89.

An exception to statutory employee coverage exists when an owner hires an independent contractor to erect, demolish, alter or repair improvements on the owner's premises, "but such independent contractor shall be deemed to be the employer of the employees of his subcontractors and their subcontractors when employed on or about the premises where the principal con-

tractor is doing work." § 287.040.3 RSMo 1986.

 In granting the motion to dismiss, the trial court found as follows:

1) the installation, erecting, and maintaining of conveyors is a necessary part of the business of U.P.S.

2) that § 287.040(3) does not apply when the business owns the premises and enters into a contract for the performance of services which are a part of its business.

Plaintiffs argue that defendants failed to support their motion with any evidence that Webb contracted to perform work which was part of UPS's usual business on the St. Louis County premises. Although no infallible test exists for determining if a particular act performed by a contractor's employee was part of the owner's usual business, the facts must show that the work included some duty or activity routinely performed by the owner in the usual course of business on the owner's premises. *Scott v. Edwards Transp. Co.*, 807 S.W.2d 75, 78 (Mo. banc 1991). In this case defendant presented no facts to the trial court regarding UPS's usual business on its St. Louis County premises. Nothing in the pleadings alleged what constituted UPS's usual business; nor did anything in the contract set out what constituted UPS's usual business. On this record the trial court had no basis to conclude that "the installation, erecting, and maintaining of conveyors is a necessary part of the business of UPS." Likewise there is no support for the trial court's conclusion that the exception in § 287.040.3 does not apply because the contract called for the performance of services which are a part of UPS's business. Without evidence of UPS's usual course of business, it is impossible to determine whether the worker was acting in the usual course of UPS's business. Defendants failed to meet their burden of showing by a preponderance of the evidence that the worker was a statutory employee of UPS. *Asberry v. Bannes–Shaughnessy, Inc.*, 734 S.W.2d 250, 253–54 (Mo.App.1987).

The order of the trial court dismissing plaintiffs first amended petition is reversed and the case is remanded to the trial court.

CARL R. GAERTNER, C.J., and SIMON, J., concur.