Mary **MOONEY** and Joseph
Mooney, Appellants,

v.

**MISSOURI ATHLETIC CLUB**,
Respondent.

No. 62995.

Missouri Court of Appeals,
Eastern District,
Division One.

June 29, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 18, 1993.

Application to Transfer Denied
Sept. 28, 1993.

Stephen M. Glassman, Clayton, for appellants.

Barbara W. Wallace, St. Louis, for respondent.

CRIST, Judge

Plaintiffs Mary and Joseph Mooney appeal the dismissal of their personal injury suit against Defendant Missouri Athletic Club (MAC) for lack of subject matter jurisdiction. We affirm.

Plaintiff Mary Mooney (Mooney) was employed by Burns International Security Services (Burns), a company which provides security guards to businesses. MAC is an athletic club. At the time of Mooney's injury, Burns had assigned her as security guard for MAC.

On June 14, 1989, Mooney was injured immediately following the completion of her shift at MAC. That evening, she worked from 4 p.m. to 12 a.m. Afterward, she waited at the loading dock on the north side of the MAC building for her husband to pick her up. At approximately 12:15 a.m., Mooney walked across the sidewalk and stepped onto Lucas Street because she mistakenly believed her husband's car was approaching. Upon realizing her error, she stepped directly back onto a manhole cover in Lucas Street. The cover flipped over and she fell into the sewer.

On July 26, 1991, Plaintiffs brought suit against MAC and the City of St. Louis for personal injuries. On July 13, 1992, the City of St. Louis moved for summary judgment because the area of Lucas Street where the accident occurred is not a public street. At this time, Plaintiffs dismissed all counts against City of St. Louis.

MAC then filed its Motion for Summary Judgment. MAC asserted Mooney was its "statutory employee" pursuant to § 287.-040.1, RSMo 1986. Therefore, it alleged the Workers' Compensation Act barred Plaintiffs from pursuing a commonlaw negligence action. Attached to the motion was Plaintiffs' petition; one page of an unidentified deposition; a contract for services between MAC and Burns dated February 23, 1990; an affidavit of David Miller, Director of Operational Services at MAC; and a photograph of the scene where the accident occurred. Mooney filed an affidavit in opposition to the motion. The trial court treated MAC's motion as a motion to dismiss for lack of subject matter jurisdiction. It then granted said motion.

Plaintiffs argue on appeal the trial court erred in dismissing their suit for lack of subject matter jurisdiction because Mooney is not a "statutory employee" of MAC and, therefore, the Workers' Compensation Act does not bar their suit.

■ In determining the burden of proof and standard of review, no problem is created by the apparent inconsistency of the procedural devices employed. While MAC did file a motion for summary judgment, the trial court properly treated it as a motion to dismiss under Rule 55.27 for lack of subject matter jurisdiction. *Parmer v. Bean*, 636 S.W.2d 691, 696[14] (Mo. App.1982); *see also, Barton v. United Parcel Service, Inc.*, 842 S.W.2d 951, 952[4] (Mo.App.1992). Therefore, MAC had the burden of proving by a mere preponderance of the evidence the trial court appeared to lack subject matter jurisdiction. *Parmer*, 636 S.W.2d at 696[14]. The trial court makes only a decision regarding its own jurisdiction, which is without *res judicata* effect. *Id.; Barton*, 842 S.W.2d at 952[4]. Furthermore, the determination of whether the Workers' Compensation Act applies is a question of fact. *Parmer*, 636 S.W.2d at 695[11]. As such, we review the trial court's decision only for abuse of discretion. *Zahn v. Associated Dry Goods Corp.*, 655 S.W.2d 769, 772[6] (Mo.App. 1983); *Parmer*, 636 S.W.2d at 696[14].

■ Section 287.040.1, RSMo 1986, of the Workers' Compensation Act provides:

Any person who has work done under contract on or about his [or her] premises which is an operation of the usual business which he [or she] there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his [or her] subcontractors, and their employees, when injured or killed on or

about the premises of the employer while doing work which is in the usual course of his [or her] business.

Therefore, for Mooney to be a "statutory employee," three elements must exist: (1) her work was performed under a contract between her employer Burns and MAC; (2) her injury occurred on or about MAC's premises; and (3) when injured, she was performing work in the usual course of MAC's business. *McGuire v. Tenneco, Inc.,* 756 S.W.2d 532, 534[2] (Mo. banc 1988).

■■ The word "contract" in § 287.040 has been interpreted broadly and includes those contracts which are written or oral, express or implied. *McGuire,* 756 S.W.2d at 535[5]; *see also, Employers Ins. of Wausau v. Patton,* 842 S.W.2d 208, 210–11[4] (Mo.App.1992). The record reveals only two items pertaining to a contract between Burns and MAC. MAC presented a copy of a written contract for security guard services between it and Burns. The copy is dated February 23, 1990, after Mooney's injuries. However, the contract states it is for services rendered from February 26, 1988, before Mooney's injuries. Plaintiffs assert this evidence is not sufficient to show by a preponderance of the evidence that a contract existed between Burns and MAC at the time of Mooney's accident. However, other evidence is indicative of a contract between Burns and MAC. An affidavit of David Miller, Director of Operational Services at MAC, states: "The provision of security guards is necessary, regularly and continuously contracted for...." Mooney's affidavit reveals she was employed by Burns, yet worked exclusively as a desk guard for MAC. For purposes of this statute, it did appear by a preponderance of the evidence a contract existed between MAC and Burns. Otherwise, Mooney would not have been a security guard at MAC.

■ Plaintiffs also argue Mooney's accident did not occur on or about MAC's premises. For the purpose of § 287.040, Missouri courts have defined premises to mean " 'any place under the exclusive control of the statutory employer where his usual business is being carried on or conducted'...." *Huff v. Union Elec. Co.,* 598 S.W.2d 503, 511[7] (Mo.App.1980), *quoting Boatman v. Superior Outdoor Advertising Co.,* 482 S.W.2d 743, 745[1–3] (Mo.App. 1972). In this case, it was originally alleged Lucas Street on the north side of 405 Washington was a public street. *See, Cole v. Town & Country Exteriors,* 837 S.W.2d 580, 585[10] (Mo.App.1992) (public street is not within exclusive control of statutory employer). However, evidence attached to the Motion for Summary Judgment made by the City of St. Louis reveals the portion of Lucas Street where the accident occurred is private property which was vacated to the property owner at 405 Washington Avenue. MAC is located at 405 Washington Avenue. As such, Mooney's accident did occur on MAC's premises.

■ Finally, Plaintiffs argue Mooney was not injured in the usual course of MAC's business. Plaintiffs appear to concede that security of MAC is within MAC's usual course of business. In any event, we have held use of security services to be in the usual course of business when it " 'was not an unpredictable and sporadic happening but was a regular and continuous operation....' " *McDonald v. Bi–State Development Agency,* 786 S.W.2d 201, 204[3] (Mo.App.1990), *quoting Anderson v. Benson Mfg. Co.,* 338 S.W.2d 812, 815 (Mo. 1960). Miller's affidavit states it was within MAC's usual course of business to provide security services for its members. He further declares "[t]he provision of security guards is necessary, regularly and continuously contracted for, and is an integral part of the operation of [MAC]." Clearly, a preponderance of the evidence shows security services are within the usual course of MAC's business.

Plaintiffs further argue Mooney was not injured "while doing work" in the usual course of MAC's business as required by § 287.040. Instead, Mooney had completed her shift and was leaving the premises.

This situation is analogous to § 287.120, RSMo Supp.1992, which provides Workers' Compensation coverage for injuries "aris-

ing out of and in the course of" employment. When making that determination, Missouri courts have held "[e]mployment includes not only the actual doing of the work but a reasonable margin of time and space necessary to be used in passing to and from the place where work is to be done." *Zahn*, 655 S.W.2d at 773[15, 16]. An employee is covered by Workers' Compensation if he or she is injured "while passing with the express or implied consent of the employer, to or from work, by a way over employer's premises...." *Id.; see also, Parker v. General Services Admin.*, 684 F.Supp. 239, 241[4] (E.D.Mo.1988) ("Signing out after the completion of her shift is incidental and in furtherance of employment; thus it is an act that is performed in the operation of usual business"); *Compare Heskett v. Cent. Mo. State University*, 745 S.W.2d 712 (Mo.App. 1987) (court considered accident occurring on parking lot to be an issue for Workers' Compensation Commission when food service employee was found statutory employee of university). In this case, Mooney had finished her shift, but she waited for 15 minutes on MAC's loading dock for her husband. When she thought he had arrived, she walked out into the street where she was injured by falling into the manhole. She remained on MAC's premises the entire time in her attempt to leave work. Therefore, she was injured while doing work in the usual course of MAC's business.

Caveat. The findings herein pertain only to whether the trial court had jurisdiction and are found without prejudice to other remedies Plaintiffs may have under the law.

Judgment affirmed.

AHRENS, P.J., and CARL R. GAERTNER, J., concur.