**STATE of Missouri ex rel. J.E. JONES CONSTRUCTION COMPANY, Relator,**

v.

**The Honorable James L. SANDERS, Div. 1, Circuit Court of the City of St. Louis, Respondent.**

**No. 64687.**

Missouri Court of Appeals, Eastern District, Division Three.

March 1, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 7, 1994.

Application to Transfer Denied May 26, 1994.

Gary E. Snodgrass, St. Louis, for appellant.

John Scott Wallach, John A. Michener, St. Louis, for respondent.

CRAHAN, Judge.

This is an original proceeding in prohibition filed by Relator J.E. Jones Construction Company ("Relator") seeking to prevent Respondent circuit judge ("Respondent") from exercising jurisdiction in the underlying personal injury action. Relator moved to dismiss for lack of subject matter jurisdiction on the ground that at the time of the injury, it was a statutory employer of Plaintiff pursuant to § 287.040.1 RSMo 1986[1] and therefore Plaintiff's remedy was limited to that provided by the Workers' Compensation Law. Respondent denied the motion on the ground that there was a "genuine issue of material fact as to Relator's control of the premises." We find that Respondent lacks subject matter jurisdiction to adjudicate Plaintiff's com-

mon law negligence action. We therefore order the preliminary order heretofore issued be made permanent.

Relator was the developer of a residential subdivision known as Winding Trails. Relator received a bid proposal from Gerau & Sons Painting ("Gerau") for the painting of houses in Winding Trails. Although Relator did not accept this proposal in writing, it is not disputed that Gerau began and ultimately completed the painting project and was paid pursuant to the terms of the proposal. Daniel Noah ("Plaintiff") was directly employed by Gerau as a painting supervisor at Winding Trails. The injury occurred while Plaintiff walked to his vehicle on a lot at Winding Trails which Relator owned and was using as a site for its construction office. A truck, traveling on a road adjacent to the lot, struck a telephone wire which spanned the roadway. The collision caused a support pole to fall on and injure Plaintiff.

Plaintiff brought a common law negligence action for bodily injuries against Relator in the Circuit Court of St. Louis County alleging negligence in the erection of the wire and failure to warn of its existence. Relator filed a "Motion to Dismiss for Lack of Subject Matter Jurisdiction/Motion for Summary Judgment." In the motion, Relator asserted that, at the time of the injury, Plaintiff was its statutory employee pursuant to § 287.040.1 and that the common law tort action was therefore barred because Plaintiff's remedy was limited to that provided by the Workers' Compensation Law.

Section 287.120 provides that the rights and remedies granted the employee under the Workers' Compensation Law are exclusive and preclude all common law remedies. *Parmer v. Bean*, 636 S.W.2d 691, 693 (Mo.App.1982). Once the employer, the employee and the accident fall under the Workers' Compensation Law, the case is cognizable by the Labor and Industrial Relations Commission and the Commission's jurisdiction is original and exclusive. *Id.; Sheen v. DiBella*, 395 S.W.2d 296, 302 (Mo.App.1965). A motion to dismiss for lack of subject mat-

---

1. All statutory references are to RSMo 1986 unless otherwise indicated.

ter jurisdiction is the proper method to raise a defense of exclusivity of workers' compensation. *Shaver v. First Union Realty Management, Inc.*, 713 S.W.2d 297, 299 (Mo.App. 1986). When the exclusivity of workers' compensation is raised as a defense, the summary judgment standard, *i.e.*, whether a material issue of fact exists, is not the appropriate standard of review. Regardless of whether the applicability of the Workers' Compensation Law is raised as a defense to a common law cause of action in the form of a motion to dismiss or in a motion for summary judgment, the trial court must initially treat it as a motion to dismiss for lack of subject matter jurisdiction. *Tumbas v. J.L. Mason Group Inc.*, 809 S.W.2d 188, 189–90 (Mo.App.1991); *Parmer, supra*, 636 S.W.2d at 693. A court should grant a motion to dismiss for lack of subject matter jurisdiction whenever it "appears" that the court lacks such jurisdiction. Rule 55.27(g)(3). As the term "appears" suggests, the quantum of proof is not high. It must appear by a mere preponderance of the evidence that the court is without jurisdiction. *Parmer*, 636 S.W.2d at 694. The movant will not be required to show by unassailable proof that there is no material issue of fact because the trial court decides only the preliminary question of its own jurisdiction, which is not a decision on the merits and is without res judicata effect. *Id.* at 696.

Section 287.040.1 provides in relevant part:

Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer....

■ Therefore, in order for Plaintiff to be a statutory employee, each of three statutory elements must exist: 1) the work was being performed pursuant to a contract; 2) the injury occurred on or about the premises of the alleged statutory employer; and 3) when injured, the alleged statutory employee was performing work which was in the usual course of business of the alleged statutory employer. *McGuire v. Tenneco, Inc.*, 756 S.W.2d 532, 534 (Mo. banc 1988).

■ The record discloses only one document relating to a contract between Gerau

and Relator. This is a painting proposal which lists prices for painting the houses in Winding Trails and provides for payment in full upon completion. It is signed only by a representative of Gerau. Plaintiff asserts that this is not sufficient to prove the existence of a contract by a preponderance of the evidence because Relator did not sign it in acceptance. We disagree.

■ We have ruled that the word "contract" in § 287.040.1 should be interpreted broadly and includes those contracts which are written or oral, express or implied. *Mooney v. Missouri Athletic Club*, 859 S.W.2d 772, 774 (Mo.App.1993). Within the meaning of § 287.040.1, the contract need not exist in written form. *McGuire*, 756 S.W.2d at 535. As a matter of contract law, we recognize that the "the manifestation of acceptance of an offer need not be made by the spoken or written word; it may also come through the offeree's conduct...." *E.A.U. Inc. v. R. Webbe Corp.*, 794 S.W.2d 679, 686 (Mo.App.1990).

Here, Relator's affidavits in support of the motion disclosed that as a practice, Relator accepted or declined proposals from vendors on an informal basis and not in writing. Relator's superintendent testified that the Gerau proposal was so accepted, that Gerau ultimately completed the entire project pursuant to its terms, and that Gerau was paid accordingly. In addition, Plaintiff testified that he worked at Winding Trails for six to eight months before being injured, that Gerau was engaged in painting 15 houses at the time and that he was acting as foreman of the job. These facts establish by a preponderance of the evidence that the work was being performed pursuant to a contract within the meaning of § 287.040.1. It is not relevant that Gerau's proposal was not accepted in writing.

■ The second element of the § 287.040.1 statutory employer test requires that the employee be "*injured ... on or about the premises* of the employer....*" (emphasis added). Plaintiff asserts that this element is not met because his common law negligence action is premised on the allegedly negligent erection of the telephone wire across a road

over which Relator allegedly did not have exclusive control. Under the terms of 287.-040.1, Plaintiff argues, the extension of Relator's work to property over which it did not have exclusive control precludes statutory *employer status.* The *circuit court's* statement that it was denying Relator's motion "for the reason that a material issue of fact exist[ed] as to control of the premises by [Relator]" suggests that the circuit court accepted this argument.

As a threshold matter, it is not disputed that the lot on which Plaintiff was injured was Relator's premises within the meaning of § 287.040.1. In the context of § 287.040.1, the term "premises" is not restricted to the permanent site of the statutory employer's business nor limited to property owned or leased by him but contemplates any place under the exclusive control of the statutory employer where his usual business is being carried on or conducted. *Boatman v. Superior Outdoor Advertising Co.,* 482 S.W.2d 743, 745 (Mo.App.1972). "Premises" include locations that temporarily may be under the exclusive control of the statutory employer by virtue of the work being done and "exclusive control" indicates such a control over the "premises" by the statutory employer that the general public does not have an equal right to use them along with the employer and the independent contractor. *Id.*

Plaintiff misconstrues the second element of the statutory employer test. It is the location of the injury, not the conduct which produced the injury, which is the pertinent inquiry under this element of the § 287.040.1 test. Here, it is undisputed that Plaintiff was injured on a lot which Relator owned and was using as a site for its construction office for the Winding Trails project. Under the plain language of the statute, the extent of Relator's control over the street is irrelevant. Because Plaintiff was injured on Relator's property, this element of the statutory employer test is met.

Plaintiff further argues Relator's evidence does not establish that the Plaintiff was "engaged in [Relator's] customary work" at the time of the injury, because he was walking to his personal vehicle when injured. In *Tum-*

*bas* we held that because painting is an integral, routine and essential part of finishing a new home for sale or use, it is in the usual course of business of a housing developer. 809 S.W.2d at 188. Likewise, painting the new homes here was in Relator's usual course of business.

As to whether Plaintiff was "performing" this work, we have previously held that the § 287.040.1 requirement that a plaintiff be injured while performing work is analogous to § 287.120 RSMo Supp.1992, which provides workers' compensation coverage for injuries "arising out of and in the course of" employment. *Mooney v. Missouri Athletic Club,* 859 S.W.2d at 774–75. In the latter context we have held that "[e]mployment includes not only the actual doing of the work but a reasonable margin of time and space necessary to be used in passing to and from the place where work is to be done." *Id.* at 775 (quoting *Zahn v. Associated Dry Goods Corp.,* 655 S.W.2d 769, 773 (Mo.App.1983)). If the employee is injured while passing with the express or implied consent of the employer, to or from work, by a way over the employer's premises, the injury is one arising out of and in the course of employment as much as though it happened while the employee was engaged in his work at the place of its performance. *Zahn,* 655 S.W.2d at 773.

Here, Plaintiff was injured during normal working hours while on the Relator's property. Plaintiff testified that he was working as foreman on the Winding Trails project and was walking to his vehicle at the time of the injury. Even if we assume *arguendo* that Plaintiff was intending to leave the work site, under the foregoing authorities Plaintiff was within the reasonable margin of time and space necessary to be used in passing to and from the place where work was to be done.

In summary, we find that the circuit court erred in denying Relator's motion to dismiss for lack of subject matter jurisdiction. Relator's motion and supporting materials established by a preponderance of the evidence that, at the time of the injury, Plaintiff was its statutory employee under § 287.040.1. Therefore, Plaintiff's sole and exclusive rem-

edy is limited to that provided under the Workers' Compensation Law. Accordingly, our preliminary order in prohibition is now made permanent and the cause is remanded with directions to take no further action other than dismissal of the underlying cause for lack of subject matter jurisdiction.

CARL R. GAERTNER, P.J., and SMITH, J., concur.