**Robert BELL, Plaintiff–Appellant,**

v.

**Alvin A. WOLFF, Jr., and Herold M. Weber, Defendants–Respondents.**

No. 66765.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 1, 1995.

Dale F. Myers, Helena, MT, for plaintiff-appellant.

Lawrence B. Grebel, Michael E. Bub, Laura Gerdes Bub, Brown & James, St. Louis, for defendants-respondents.

DOWD, Judge.

Plaintiff sued his attorneys (Defendants) for damages as a result of alleged legal malpractice and fraud in their representation of Plaintiff in an automobile accident case. This appeal comes to us after a summary judgment granted in August of 1994 on Plaintiff's Third Amended Petition dismissing it with prejudice. We dismiss the appeal on procedural jurisdictional grounds. The trial court lost jurisdiction after a 1992 order sustaining Defendants' motions for summary judgment and to dismiss Plaintiff's [First] Amended Petition. The trial court acted without jurisdiction when it later set this order aside and directed the parties to proceed with the case.

*Summary of Jurisdictional Dates and Facts*

Plaintiff filed a [First] Amended Petition on February 4, 1992. Plaintiff admits to receiving various motions to dismiss or for summary judgment attacking his [First] Amended Petition. He also admits receiving a notice of the hearing on those motions scheduled for May 26, 1992. This hearing was not held but rescheduled for June 22, 1992. An affidavit by Defendants' attorney states an amended notice of hearing was sent to Plaintiff June 3, 1992. The trial court's docket sheet reflects an amended notice of hearing was filed June 4, 1992. However, Plaintiff claims he was not apprised of this rescheduling[1] and thus did not show up. On June 22, 1992, after the hearing at which only Defendants were represented, the trial court ruled on the motions. The memoranda of law in support of the motions regarding Counts II through V of a five-count petition all included references to information from other than the petition. Plaintiff did not include in the appellate legal file any memorandum of law in support of Defendants' motion pertaining to Count I. The court order stated the motions for summary judgment and to dismiss were "called, heard and sustained." Plaintiff received notice of this

---

1. Plaintiff's counsel apparently moved offices during the course of pre-trial proceedings. However, it appears from the record Plaintiff never informed the trial court of this change.

Further, Defendants were apparently not informed until July 8, 1992. The address change was within the same zip code in the same city in Montana.

order July 7, 1992, apparently sent by opposing counsel.

■ The trial court's docket sheet shows Plaintiff's Motion to Reconsider attacking the June 22 order was filed August 4, 1992, not July 19, 1992, as asserted by Plaintiff. On August 13, 1992, the trial court ruled on Plaintiff's motion and stated: "Court ruled it lacks jurisdiction to hear motion of plaintiff. The order of June 22, 1992 is without prejudice subject to clarification nunc pro tunc [2]— as to those counts dismissed these are without prejudice[.] [A]s to those counts upon which summary judgment was granted it is with prejudice."

The next day, August 14, Plaintiff filed a Second Amended Petition followed by Defendants filing a Motion to Dismiss. On October 19, 1992, the trial court ruled on Defendants' motion and stated: "The order of June 22, 1992 granting Summary Judgment and/or to Dismiss is set aside and proceedings to continue on Plaintiff's 2d Amended Petition."

*Analysis of Jurisdictional Deficiency*

■ The June 22, 1992 order disposed of all pertinent issues and all parties; therefore, it constituted a judgment. *Miller v. Schultz,* 614 S.W.2d 11, 14 (Mo.App.1981). The memoranda of law in support of the motions pertaining to Counts II through V contained references to evidence. Therefore, the trial court granted summary judgment at least as to these counts. *Barton v. United Parcel Service, Inc.,* 842 S.W.2d 951, 952 (Mo.App.E.D.1992). It appears from the appellate legal file that no such memorandum was filed in support of Defendants' attack on Count I. We will treat this motion as one to dismiss. In 1992, any involuntary dismissal other than for lack of jurisdiction, improper venue, premature action or failure to substitute a party for a decedent was deemed with prejudice unless the trial court specified otherwise. Rule 67.03.[3] The trial court did not

indicate its order was without prejudice; therefore, the June 22, 1992 order was with prejudice. As a result, Plaintiff was barred from asserting the same cause of action or claim against the same parties as he did when he filed his Second Amended Petition. Rule 67.03; *Rice v. Taylor–Morley–Simon, Inc.,* 842 S.W.2d 926, 928–29 (Mo.App.E.D. 1992); *State ex rel. Willens v. Gray,* 757 S.W.2d 656, 658 (Mo.App.1988).

The trial court retained jurisdiction over the June 22, 1992 order for thirty days and could have set it aside within this time frame. Rule 75.01. However, more than thirty days had passed since the order. Therefore, as argued by Defendants, the court had no jurisdiction to consider Plaintiff's untimely August 4, 1992 Motion to Reconsider nor to set aside the June 22 order in October of 1992. *Delaney v. Meiners,* 842 S.W.2d 565, 567 (Mo.App.W.D.1992). Furthermore, since the June 22 order was not set aside within thirty days, the trial court also acted without jurisdiction when it allowed the case to proceed on Plaintiff's Second Amended Petition. *Miller v. Schultz,* 614 S.W.2d at 14.

Plaintiff claims Rule 74.03 should apply thereby giving him six months within which to attack the June 22, 1992 order. We disagree. Rule 74.03 states the court clerk shall immediately notify any party who failed to appear at the time the trial court entered an order or judgment. The rule further states, "If such notice is not given, the order or judgment shall be set aside for *good cause* (our emphasis) shown upon written motion filed within six months from the entry of the order or judgment." Rule 74.03.

■ The purpose behind Rule 74.03 is to ensure parties are afforded an adequate amount of time within which to challenge judgments or orders of which they were not aware. *State ex rel. Vicker's, Inc. v. Teel,* 806 S.W.2d 113, 117 (Mo.App.1991). Plaintiff

---

2. Although not pertinent to our dismissal, we note that a trial court may not utilize nunc pro tunc entries as a means to remedy judicial mistakes, judicial oversights or to change the judgment, even if the original judgment was not what the trial court intended. *Roedel v. Roedel,* 788 S.W.2d 788, 790 (Mo.App.1990). Such an entry may be used only to correct clerical errors. *Id.*

3. The current Rule 67.03, amended effective January 1, 1994, now states that such dismissals shall be without prejudice unless otherwise specified.

must show he was prejudiced in order to utilize Rule 74.03. *Herrin v. Straus,* 810 S.W.2d 593, 598 (Mo.App.1991). While apparently the court clerk did not send Plaintiff notice of the order, Defendants' attorney did and it was received by Plaintiff July 7, 1992. Plaintiff therefore received the June 22, 1992 order at a time when the trial court still retained jurisdiction over the matter for fifteen days. Any failure of the court clerk in mailing the order to Plaintiff does not automatically affect its validity. *See Fireman's Fund Ins. Co. v. Brouk–Ziegler Motor Co.,* 841 S.W.2d 778, 780 (Mo.App.E.D.1992); *Herrin,* 810 S.W.2d at 598. Plaintiff has not established prejudice.

■ Furthermore, even if Rule 74.03 were the applicable rule, Plaintiff has not shown good reason or excuse nor good cause to have the order set aside. Plaintiff admits he knew about the original hearing scheduled for May 26, 1992, which was rescheduled for June 22, 1992. The notice of the rescheduled June 22 hearing was entered into the trial court's docket sheet and mailed to Plaintiff June 3, 1992. Had Plaintiff informed the trial court and Defendants of the address change in a timely manner, he would have received the notice he now claims was never received. "A party has a duty to keep abreast of all proceedings in his or her case from service of original process until final judgment. Included in this duty is the party's responsibility to keep the court or counsel informed of any address changes." *Estate of Knapp, by and through Igoe v. Newhouse,* 894 S.W.2d 204, 208 (Mo.App.E.D. 1995) (citations omitted).

Further, Plaintiff knew about the June 22 order well before the expiration of the thirty days during which the trial court retained jurisdiction. The order is concise and is not misleading or confusing as Plaintiff claims. Finally, Plaintiff never filed a motion specifically invoking Rule 74.03 as a means by which to have the June 22, 1992 order set aside.

### Conclusion

The trial court's June 22, 1992 order sustaining Defendants' motions to dismiss and for summary judgment was not validly set aside because the trial court had lost jurisdiction over the matter. We therefore dismiss the appeal for the previously explained procedural jurisdictional reasons.

CRANE, P.J., and CRANDALL, J., concur.