Stella M. HESKETT,
Plaintiff-Appellant,

v.

CENTRAL MISSOURI STATE UNIVERSITY, Defendant-Respondent.

No. WD 39356.

Missouri Court of Appeals,
Western District.

Dec. 22, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 2, 1988.

Application to Transfer Denied
March 15, 1988.

Leonard K. Breon, Breon & Leffler, Warrensburg, for plaintiff-appellant.

Thomas W. Wagstaff, Blackwell Sanders Matheny Weary & Lombardi, Kansas City, for defendant-respondent.

Before CLARK, P.J., and TURNAGE and MANFORD, JJ.

TURNAGE, Judge.

Stella M. Heskett filed a common law action for personal injuries against the Board of Regents of Central Missouri State University. The court dismissed the petition on finding that it lacked subject matter jurisdiction because Heskett was a statutory employee of the University. The parties continue their argument over that question in this court. Affirmed.

Heskett alleged that in December of 1985, she was an employee of Saga Education Foods Services, Inc., which was under contract to serve meals at the University. She alleged that she parked in a parking lot owned by the University and that, during the afternoon, she went to her car and slipped and fell because of the slick and dangerous condition of the lot.

The University filed a motion to dismiss, alleging that the court did not have subject matter jurisdiction because Heskett was a statutory employee under § 287.040.1, RSMo 1978. Attached to the motion was the affidavit of Tom D. Edmunds, Vice President for Finance and Administration of the University, in which he stated that

the preparation and serving of food to the students and employees of the University was within the usual business of the University. The court sustained the motion and dismissed the petition.

If Heskett is found to be a statutory employee, the Worker's Compensation Law is her exclusive remedy and she does not have a right to file a common law action for damages. *Jones v. Jay Truck Driver Training Center,* 709 S.W.2d 114, 115 (Mo. banc 1986). *Jones* held that when a common law action is filed, "[t]he defendant may assert by motion or answer that the court lacks jurisdiction of the subject matter because plaintiff was an employee when injured." *Id.* at 116[1, 2]. *Jones* further held that the court may hear such matter in the manner provided in Rule 55.-28. Rule 55.28 provides that when a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the parties but may direct that the matter be heard wholly or partly on oral testimony or deposition.

In addition to the affidavit of Edmunds, the Board of Regents attached a copy of the contract it had entered into with Saga to its motion. That contract provided that Saga was retained to manage and operate the University's food service, "which is maintained as an integral part" of the University's education activities. Heskett did not file any affidavits, and there was no request that the court hear oral evidence. Nor are there any depositions in the record.

Section 287.040.1 provides that "[a]ny person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer...." Heskett alleged in her petition that she was an employee of Saga, working on the University premises, and was injured in the University parking lot. From the affidavit of Edmunds and from the provisions of the contract, it appears that the food service in which Heskett was employed was both an integral part of the University's educational activities and was within the usual business of the University.

Heskett did not present any evidence to the court.

Rule 55.27(g)(3) provides that whenever it appears that the court lacks jurisdiction of the subject matter the action shall be dismissed. In *Zahn v. Associated Dry Goods Corp.,* 655 S.W.2d 769, 772[3–5] (Mo. App.1983), the court held that it must appear by the preponderance of the evidence that the court lacks jurisdiction. The only requirement of § 287.040.1 that is in dispute is whether or not the food service operation in which Heskett worked was within the usual business of the University. Heskett argues that the purpose of the University is to educate students and not feed them. However, this is purely the argument of Heskett, without foundation or evidence. The only evidence before the court was that food service is a part of the usual business of the University. If Heskett wanted to contend that food service was only ancillary or incidental to the business of the University, she should have produced some evidence of that fact. Based on the evidence before it, the court correctly concluded that Heskett was employed by a contractor on University premises in the operation of the usual business of the University and was injured on University premises and was therefore an employee within § 287.040.1.

Heskett also makes some argument about whether or not her injury was an accident arising out of and in the course of her employment. That question is not for the circuit court to decide because once the court decided that Heskett was an employee covered by the Worker's Compensation Law, the decision of whether there was an accident arising out of and in the course of employment is within the jurisdiction of the Division of Worker's Compensation. *Jones,* 709 S.W.2d at 115.

The judgment is affirmed.

All concur.