**Charles WILCOX, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 90–1185.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1990.

Decided Aug. 1, 1990.

**478**

Tyce S. Smith, Sr., Waynesville, Mo., for appellant.

Earl W. Brown, III, Springfield, Mo., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

The issue presented here is whether the exclusive remedy provision of the Missouri Workers' Compensation Law, Mo.Rev.Stat. § 287.040 (1986), is a defense to a negligence action brought against the United States under the Federal Tort Claims Act, as amended, 28 U.S.C. §§ 2671–80, for injuries suffered by the employee of a contractor of the Army and Air Force Exchange Services (AAFES), an instrumentality of the United States government. The District Court[1] concluded that the test to apply when determining whether a party is a statutory employer, set forth in *Green v. Crunden Martin Manufacturing*, 575 S.W.2d 930, 932 (Mo.Ct.App.1978), was satisfied by the United States in this case, and dismissed the action. We affirm.

Charles Wilcox, an employee of an independent barbershop that had contracted with AAFES to provide services on a military facility, fell down a stairwell at the work place and suffered several injuries. Under the contract with AAFES, the independent contractor was required to maintain workers' compensation coverage and employers' liability insurance, and Wilcox collected $9,797.08 from his employer under Missouri's Workers' Compensation Law. He then filed a timely complaint against the government under the Federal Tort Claims Act for $200,000 in damages.

The government moved to dismiss the action arguing that its agent, AAFES, is a statutory employer under Mo.Rev.Stat. § 287.040.1 and thus workers' compensation was the exclusive remedy available to Wilcox. The government attached the affidavit of an assistant general counsel for AAFES, who attested that AAFES was "responsible for providing merchandise and services of necessity and convenience to authorized military personnel," and that AAFES would be required to provide barber services directly if the independent contractor did not do so. Declaration of Lt. Col. Donald E. Woods.

The District Court found that (1) the work was performed pursuant to a contract, (2) the injury occurred on or about the premises, and (3) the work performed was within the operation of the employer's usual business. Order at 2. Thus, the District Court concluded Wilcox's exclusive remedy was under the workers' compensation law and dismissed the case. *See Green*, 575 S.W.2d at 932.

Wilcox appealed, arguing that he was denied equal protection of the law as an

---

**1.** The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

employee of a federal government contractor, that the United States government could not be a statutory employer under Missouri law, and that the District Court erred in finding that the operation of the barbershop was within AAFES's usual course of business.

 Wilcox asserts that, because federal installations, under the Supremacy Clause, are not subject to state workers' compensation laws, *see Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 180, 108 S.Ct. 1704, 1709, 100 L.Ed.2d 158 (1988), and thus the United States cannot be held secondarily liable under the Missouri statute, he is not treated the same under section 287.040 as those privately employed. In this case, however, Wilcox suffered no harm, because none of the circumstances giving rise to secondary liability existed here, and he received the same benefits through workers' compensation as he would have received had he been employed by a private statutory employer. Accordingly, we find no equal protection violation.

We agree with other circuits that have held that the United States can be a statutory employer under state law, and hold that, under the Missouri statute and the FTCA, the United States is entitled to use statutory employer status as a defense to an action filed under the FTCA. *See Griffin v. United States*, 644 F.2d 846, 848 (10th Cir.1981) (Kansas law); *Roelofs v. United States*, 501 F.2d 87, 92–93 (5th Cir. 1974) (Louisiana law), *cert. denied*, 423 U.S. 830, 96 S.Ct. 49, 46 L.Ed.2d 47 (1975).

Wilcox argues that, because AAFES personnel directly operate only one of the 478 barbershop concessions on AAFES facilities in the continental United States, the running of barbershops cannot be within the "usual business" of AAFES. The fact that AAFES employees do not perform the work in the barbershops does not require the conclusion that the barbershop function is not within the usual business of AAFES, especially since AAFES was required to provide the services. *See Viselli v. Missouri Theatre Bldg. Corp.*, 361 Mo. 280, 285, 234 S.W.2d 563, 567 (1950). In the instant case, the affidavit submitted by the government provided sufficient evidence to find that the operation of a barbershop was within the usual course of AAFES's business. Declaration of Lt. Col. Donald E. Woods; *see Heskett v. Central Mo. State Univ.*, 745 S.W.2d 712 (Mo.Ct.App.1987) (uncontested affidavit stating food service within usual business of university sufficient).

We affirm the judgment of the District Court.