Kenneth E. DuBOSE and Vivian DuBose, Plaintiffs/Appellants,

v.

FLIGHTSAFETY INTERNATIONAL, INC., Defendant/Respondent.

No. 60393.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 11, 1992.

that the defective condition and unreasonably dangerous design of defendant's flight simulator caused him personal injury. His wife joined the action alleging loss of consortium. Defendant filed an answer denying most of plaintiffs' allegations and alleging that plaintiffs were precluded from bringing the action because Mr. DuBose was a statutory employee of defendant whose sole remedy was worker's compensation.

Defendant then filed a motion to dismiss plaintiffs' causes of action because, *inter alia*, the trial court lacked subject-matter jurisdiction. It claimed that Mr. DuBose was acting in the course and scope of his employment for McDonnell–Douglas Corporation (McDonnell) at the time of the accident; that he was working on defendant's premises pursuant to a contract between McDonnell and defendant "concerning the manufacture, sale, delivery, installation, integration, support structure and display location and other matters concerning a VITAL Visual Simulations System;" that the work he was performing was done in the operation of the usual business of defendant; and that plaintiffs' sole remedy was worker's compensation. Defendant attached various exhibits to its motion, including its contract with McDonnell; a copy of the purchase order of the machinery on which Mr. DuBose was injured; and an affidavit of Harry C. Rogers, employee of defendant. Plaintiff responded to defendant's motion with a memorandum of law in opposition to the motion and an affidavit of Mr. DuBose.[1]

The parties agree that Mr. DuBose was injured on premises leased by defendant when he fell from a catwalk of a flight simulator machine manufactured by defendant while performing warranty adjustments and testing on a visual system component sold to defendant by McDonnell. Mr. DuBose was performing this work pursuant to an agreement between McDonnell and defendant which provided both for the sale of components and for certain mainte-

Thomas J. Casey, Casey & Meyerkord, St. Louis, for plaintiffs/appellants.

James E. Whaley, Brown & James, P.C., St. Louis, for defendant/respondent.

**REINHARD, Presiding Judge.**

Plaintiffs appeal from the trial court's dismissal for lack of subject-matter jurisdiction of plaintiffs' actions for personal injury and loss of consortium, respectively. We affirm.

Plaintiff Kenneth DuBose brought a common law negligence action alleging

---

1. Mr. DuBose's affidavit stated that he sustained injuries when falling from a flight simulator manufactured by defendant on the premises in question. It did not address the question of whether the work he was performing was in the usual course of business of defendant or the nature of the contract involved.

nance and engineering services to be provided by McDonnell.

Harry Rogers, a senior quality assurance engineer for defendant, stated by affidavit that after Mr. DuBose sustained injuries, employees of defendant finished the task Mr. DuBose had been engaged in; that defendant's employees would have performed the task initially if McDonnell had not been under contract to provide the services; and that the work was an operation of defendant's usual course of business.

■■■ When worker's compensation law applies, it provides an exclusive remedy and an injured worker may not pursue common law remedies. § 287.120.2, RSMo. 1986. The Labor and Industrial Relations Commission's jurisdiction is then original and exclusive. *Parmer v. Bean,* 636 S.W.2d 691, 693 (Mo.App.1982). When "the applicability of workmen's compensation law is raised as a defense to a common law cause of action, the trial judge must initially treat it as a motion to dismiss for lack of subject matter jurisdiction" regardless of the manner in which it is raised. *Parmer v. Bean,* 636 S.W.2d at 696.[2] This question is a factual one and is left to the sound discretion of the trial judge. *Id.* The trial court should grant a motion to dismiss for lack of subject-matter jurisdiction whenever it appears that the court lacks jurisdiction. Rule 55.27(g)(3); *McDonald v. Bi-State Development Agency,* 786 S.W.2d 201, 202 (Mo.App.1990). The burden of proof is on the party alleging that jurisdiction is lacking. *Parmer* at 694. However, "the quantum of proof is not high. It must appear by a preponderance of the evidence that the court is without jurisdiction." *Zahn v. Associated Dry Goods Corp.,* 655 S.W.2d 769, 772 (Mo.App.1983). Rules 55.27 and 55.28 establish a flexible and effective procedure for the presentation of affidavits, exhibits and evidence on this factual question of jurisdiction. *Parmer* at 696.[3] A motion to dismiss for lack of subject matter jurisdiction is a preliminary determination of the court's power to act which is not a decision on the merits with res judicata effect. *Id.* at 695.

Section 287.040.1, RSMo 1986, establishes a class of workers commonly known as "statutory employees" in order to prevent an employer from eluding liability for workers compensation by hiring third persons as independent contractors. *Shaver v. First Union Realty Mgt.,* 713 S.W.2d 297, 299–300 (Mo.App.1986). This section provides:

> Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

The statute thus establishes a constructive employment relationship in order to extend coverage of the Act to employers who have work done by contract. *McGuire v. Tenneco, Inc.,* 756 S.W.2d 532, 534 (Mo. banc 1988).

■■ Plaintiffs contend the trial court erred in sustaining defendant's motion to dismiss for lack of subject-matter jurisdiction because Mr. DuBose is not a statutory employee of defendant pursuant to § 287.040.1, RSMo.1986. To categorize an individual as a statutory employee, three elements must be established: (1) the work was being performed pursuant to a contract; (2) the injury occurred on or about the premises of the alleged statutory employer; and (3) when injured the alleged

---

**2.** Generally, when matters outside the pleadings are presented to and not excluded by the court, a motion to dismiss is to be treated as one for summary judgment. *Blackleaf Products Co. v. Chemsico, Inc.,* 678 S.W.2d 827, 829 (Mo.App. 1984).

**3.** Rule 55.27 provides for a preliminary hearing on such a motion on application of any party, unless the court orders that the hearing and determination be deferred until trial. Rule 55.27(c). Rule 55.28 provides that: "When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."

statutory employee was performing work which was in the usual course of business of the alleged statutory employer. *McGuire v. Tenneco, Inc.*, 756 S.W.2d at 534; *McDonald v. Bi–State Development Agency*, 786 S.W.2d 201, 203 (Mo.App. 1990). In applying § 287.040.1, each case must be determined on its own facts and the court must recognize the real roles and relationships of the parties as they relate to the purpose of the statute. *Tumbas v. J.L. Mason Group, Inc.*, 809 S.W.2d 188, 190 (Mo.App.1991).

Plaintiffs argue that the first element of the test is not satisfied because the contractual relationship present here is not the type contemplated by § 287.040.1. They allege that the statute does not encompass transactions between buyers and sellers and cite *Shipley v. Gipson*, 773 S.W.2d 505 (Mo.App.1989).

In *Shipley*, 773 S.W.2d 505 (Mo.App. 1989), this court held that a timber cutter injured when logs sold to a sawmill were unloaded was not a statutory employee of the sawmill. *Id.* The court relied on *Ferguson v. Air-Hydraulics Co.*, 492 S.W.2d 130, 136 (Mo.App.1973) for the proposition that only a contract which delegates to another the performance of the usual operations of the employer's business comes within the meaning of the statute. *Shipley* at 507. This court then held that a contract for the sale and purchase of a product does not render the seller's delivery man a statutory employee of the purchaser, even when it provides for the delivery and unloading of the product upon the premises of the purchaser. *Id.*

However, *Ferguson* was explicitly overruled on the issue of the "delegation" requirement by our supreme court sitting en banc in the case of *McGuire v. Tenneco, Inc.*, 756 S.W.2d 532. The court stated: We find no requirement in Section 287.-040.1 which limits its applicability to contracts in which there is a *delegation* of the employer's usual business activity to the contractor. By its plain language, the statute applies to any person who has work done under contract on or about his premises which 'is an operation of the

usual business which he there carries on ...[.]' ... To the extent that *Ferguson* ... states that the contract contemplated by Section 287.040.1 must be one 'which delegates to another the usual operation of the employer's business', it is incorrect and should no longer be followed. *Id.* at 535.

Moreover, *Shipley* emphasized that "faithful application of the statute, as written and intended, [requires] recognizing the real roles and relationships of the parties." *Shipley*, 773 S.W.2d at 507, *quoting Wallace v. Porter DeWitt Construction Co.*, 476 S.W.2d 129, 134 (Mo.App.1971). *See also Tumbas v. J.L. Mason Group, Inc.*, 809 S.W.2d at 190. In *Shipley*, the timber cutter was merely along for the ride when the logs were delivered to the sawmill; unloading the timber was not part of his job and he was not being paid for that activity. *Shipley* at 506–07.

▮ In the present case, however, the contract involved more than a purchase agreement between a buyer and seller of goods. McDonnell agreed to provide maintenance and engineering services on the components sold for a period of time and Mr. DuBose was servicing a component pursuant to this obligation when he was injured. The case law is replete with cases in which a contract to provide services was sufficient to satisfy the contract element under § 287.040.1. *See generally, McGuire v. Tenneco, Inc.*, 756 S.W.2d 532; *Viselli v. Missouri Theatre Building Corp.*, 361 Mo. 280, 234 S.W.2d 563 (1950); *Tumbas v. J.L. Mason Group, Inc.*, 809 S.W.2d 188; *McDonald v. Bi–State Development Agency*, 786 S.W.2d 201 (Mo.App. 1990); *Shaver v. First Union Realty Management, Inc.*, 713 S.W.2d 297 (Mo. App.1986). The contract here clearly satisfies the first element of the "statutory employee" test.

Plaintiffs also argue the trial court erred in finding that the third element of the test was satisfied. They contend that the work Mr. DuBose performed was not "in the usual course of defendant's business." Rather, they state it was merely incidental or ancillary to that business.

The law is clear, however, that "[t]he conduct of a part of the usual business of an employer may not in itself justify his continuation in business but nevertheless may fit in and constitute an operation of the usual business conducted on the premises." *Anderson v. Benson Mfg. Co.* 338 S.W.2d 812, 815 (Mo.1960). The employer's regular employees need not normally perform the work for it to be considered in the usual course of business. *McGuire*, 756 S.W.2d at 535–36.

Here, it is agreed that Mr. DuBose was performing work on components in a flight simulator machine which defendant sells. The affidavit of Rogers stated that defendant's employees regularly performed work on the flight simulators; that defendant's employees would have performed the work done by Mr. DuBose had defendant not been contractually obligated to do it; and that Mr. DuBose was performing work in the usual course of defendant's business. Plaintiffs offered no affidavits or exhibits contravening these factual assertions, nor did they request a hearing or otherwise take advantage of the procedures provided in Rules 55.27(c) and 55.28 to refute them. *See Heskett v. Central Mo. State University*, 745 S.W.2d 712, 713 (Mo.App.1987).

In *Heskett*, 745 S.W.2d 712, a food service worker was injured in a slip and fall on a campus parking lot. The defendant University filed an affidavit from one of its officials stating that food service was within the usual business of the University and a copy of the contract with the food service contractor stating that its food service "['lis maintained as an integral part' of the University's education activities." *Id.* at 713. We observed that:

> If [plaintiff] wanted to contend that food service was only ancillary or incidental to the business of the University, she should have produced some evidence of that fact. Based on the evidence before

it, the court correctly concluded that Heskett was employed by a contractor on University premises in the operation of the usual business of the University and was injured on University premises and was therefore an employee within § 287.-040.1.

*Id.* at 713. The same reasoning applies here.

Contrary to plaintiffs' assertion, repairs and maintenance are not inherently outside the usual course of business.[4] In *Kennedy v. J.D. Carson Co.*, 149 S.W.2d 424 (Mo. App.1941), a repairman who was injured while repairing an elevator pursuant to an oral contract was held to be a statutory employee of the company whose elevator he was repairing. The court stated:

> [t]he elevator being a highly necessary instrumentality in carrying on the Carson Company's usual business, it was a part of the company's business to anticipate the necessity for just such work to be done, and to prepare for it in advance in order to carry on its usual and ordinary business of exhibiting, selling and delivering furniture to its customers. Such repair and service work on the elevators was a necessary incident and a usual operation of the company's usual business ...

*Id.* at 428.

Similarly, in the present case, the necessity for repairs and maintenance could be anticipated and in fact was anticipated in the contract between McDonnell and defendant. Indeed, the facts support a finding that the work was done in the usual course of business more clearly here than in *Kennedy*. *Kennedy* involved repairs made to an instrumentality which helped the company conduct its business. Here, the actual product which defendant was in the business of producing was being serviced to ensure it worked properly. Ensuring the quality of the product is obviously within the usual course of defendant's business.

---

**4.** Plaintiffs cite *Rouge v. St. Charles Speedway*, 733 S.W.2d 854 (Mo.App.1987) for this proposition. In *Rouge*, the plaintiff ran an electronics repair business out of his home and was injured while at defendant's speedway "to look at" defendant's public address system. We deferred to the Labor and Industrial Relations Commission's finding that claimant was not a statutory employee. The facts demonstrated that claimant had performed the actual repairs at his home and came to the track merely to listen to the system when he was injured.

The trial court was within its sound discretion in finding the elements of § 287.-040.1 were satisfied; that Mr. DuBose was thus a statutory employee of defendant whose sole remedy was worker's compensation [5]; and that the court therefore lacked subject matter jurisdiction.

Judgment affirmed.

GARY M. GAERTNER and CRANE, JJ., concur.

---

5. Since wife's claim is dependent upon husband's, the court likewise lacked subject matter jurisdiction on the loss of consortium count.