Marion KING, Plaintiff–Appellant,

v.

**AMERICAN TELEPHONE & TELEGRAPH COMPANY, Defendant–Respondent.**

No. 62037.

Missouri Court of Appeals, Eastern District, Division Two.

March 2, 1993.

Davidson, Schlueter, Mandel & Mandel, Alan S. Mandel, Todd A. Baker, St. Louis, for plaintiff-appellant.

Evans & Dixon, Jeffry S. Thomsen, Debbie S. Champion, St. Louis, for defendant-respondent.

PUDLOWSKI, Judge.

Plaintiff-appellant, Marion King, filed a common law negligence action for personal injuries against respondent AT & T/Network systems (AT & T). The trial court dismissed for lack of subject matter jurisdiction limiting appellant's recovery to that provided in the provisions of the Workers' Compensation Law. We affirm.

On February 23, 1989, appellant, an employee of ARA Food Services (ARA), was injured in a slip and fall at work as a result of the alleged negligence of AT & T. At the time of the fall, ARA was providing food service under contract in a cafeteria on AT & T's premises. Appellant allegedly slipped on a puddle that formed around a leaking ice machine in the cafeteria. AT & T owned the ice machine.

The issue on appeal is whether AT & T was the statutory employer of appellant and thus immune from civil suit for personal injuries under the provisions of the Workers' Compensation Law. Section 287.040.1, RSMo 1986, provides that "[a]ny person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer...." In order to classify an individual as a statutory employee, three statutory elements must be found: (1) the work was performed pursuant to a contract; (2) the injury occurred on or about the premises of the alleged statutory employer; and (3) when injured the alleged statutory employ-

ee was performing work which was in the usual course of business of the alleged statutory employer. *McGuire v. Tenneco,* 756 S.W.2d 532, 534 (Mo. banc 1988). In the instant case, the first two elements are not in dispute. Appellant contends on appeal that "food service" is not the usual course of business of AT & T, and therefore, appellant cannot be the statutory employee of AT & T. We cannot address appellants' point on appeal because appellant failed to adequately counter AT & T's evidence produced in support of its motion.

■ AT & T filed a motion to dismiss the claim for lack of jurisdiction or in the alternative summary judgement. In support of its motion, AT & T submitted an affidavit by a company representative, Frank Olive, who stated "[i]t is a part of the operation of the usual business of American Telephone & Telegraph Company to provide the aforementioned food service...." Appellant did not submit any affidavits, nor any other evidence controverting AT & T's evidence that the provision of food service was in the usual course of AT & T's business.

In the case of *Heskett v. Central Missouri State University,* 745 S.W.2d 712, 713 (Mo.App.1987), the Western District of this court affirmed the dismissal of a common law negligence action by a food service worker against the university which had contracted its food service operations to the plaintiff's employer. In *Heskett,* the court was faced with a situation in which the plaintiff "did not file any affidavits, and there was no request that the court hear oral evidence. Nor [were] there any depositions in the record." Based on the lack of evidence, the court observed that had the plaintiff "wanted to contend that food service was only ancillary or incidental to the business of the university, she should have produced some evidence of that fact." The court concluded that based on the uncontroverted evidence before it, all three elements of section 287.040.1 were satisfied.

In the instant case, the record on appeal is devoid of any evidence countering AT & T's affidavit. Appellant has submitted no depositions, affidavits, transcripts or any other type of evidence to suggest that the operation of a food service was not in the usual course of AT & T's business. Based on the evidence before it, the trial court properly dismissed appellant's negligence suit.

Affirmed.

CRANDALL, P.J., and GRIMM, J., concur.