**Phillip HELLER, Plaintiff/Appellant,**

v.

**ALDI, INC., Defendant/Respondent.**

No. 62358.

Missouri Court of Appeals,
Eastern District,
Division One.

April 13, 1993.

John J. Allan, Law Office of John J. Allan, Clayton, for plaintiff/appellant.

Michael P. McDonald, Jr., Roberts, Perryman, Bomkamp & Meives, P.C., St. Louis, for defendant/respondent.

REINHARD, Judge.

Plaintiff appeals from the trial court's dismissal for lack of subject matter jurisdiction of his personal injury action. We affirm.

Plaintiff's petition alleged that he was injured at defendant's grocery store in Troy, Missouri. It further alleged that defendant was negligent because it failed "to furnish [him] with reasonably safe tools and appliances for him to perform his work, and [failed] to provide a reasonably safe place to work and a reasonably safe means and method of performing his work." Specifically, the petition stated that defendant failed to provide a dolly, truck, wagon, or other machine to assist him in unloading several 250–pound stacks of bread which he had delivered to defendant's store pursuant to a contract between his employer and defendant.

Defendant filed a motion to dismiss for lack of subject matter jurisdiction, contending that plaintiff was its statutory employee and that therefore his sole remedy was under Workers' Compensation Law. Its motion alleged that plaintiff identified his employer as S & H Transportation (S & H), who had a contract with defendant; that plaintiff was injured on or about defendant's premises; and that he was injured while performing work which was in the usual course of defendant's business. Defendant also filed a memorandum in support of its motion. Plaintiff subsequently filed a memorandum in opposition to the motion. Attached to both memoranda were various affidavits, documents and depositions.

On July 16, 1989, plaintiff was injured while unloading a truck at defendant's grocery store in Troy, Missouri. The tractor was owned by Johnny O. Ridgeway, Inc. (Ridgeway). Ridgeway leased the tractor to S & H Transportation, Inc., a common carrier, which used the tractor to haul produce and food products in trailers owned by defendant. Ridgeway owns and leases tractors equipped with drivers to common carriage companies. Defendant uses S & H to deliver grocery products from its warehouse to its several retail outlets around Missouri and Illinois. Defendant also operates in several other states.

Ridgeway had a contract with S & H to lease tractors and supply the labor to operate the tractors and unload cargo. It did not agree to use its drivers to load cargo. The agreement further provided that S & H would control the equipment and direct all personnel operating the equipment. S & H had a contract with defendant to deliver its grocery products from defendant's warehouse to its stores and to assist in unloading the trailers.

Plaintiff was hired by S & H after receiving a written D.O.T. exam, a driving test, and a physical examination. His duties required him to haul defendant's products from its warehouse in Wright City, Missouri, to its various stores. He was injured while unloading the trailer after making a delivery to defendant's store in Troy, Missouri. At the time, the store was closed to the public for the night and his injuries were allegedly caused by the negligence of

defendant in failing to provide him with adequate equipment to unload the cargo from the trailer.

It was a requirement of the contract between S & H and defendant that the driver provided by S & H "assist" in unloading the grocery products at defendant's store. During operating hours, store employees and the driver unloaded the goods off the trailers. During non-operating hours, defendant was to supply equipment such as dollies and forklifts which the driver could use in unloading. The driver did not have access to the main part of the store at this time. He unloaded at a dock area sectioned off and secured from the storage area of the store.

S & H made deliveries to defendant's stores seven days a week. In 1989, approximately 95% of S & H's tractors were hauling defendant's grocery products. The store in question received deliveries three or four times a week. Prior to using common carriers to make deliveries from its warehouse to its stores, defendant had utilized its own trucks and trucking company. In 1979, it decided to get out of the trucking business and contract the delivery business to common carriers; S & H was awarded the contract.

S & H's offices are located on property leased from defendant. The tractor which plaintiff drove was kept at defendant's warehouse and he learned of his destinations by reviewing the S & H dispatch bulletin board located at their offices.

■ A motion to dismiss for lack of subject matter jurisdiction is primarily the proper method for raising the exclusivity of workers' compensation. *Zahn v. Associated Dry Goods Corp.*, 655 S.W.2d 769, 772 (Mo.App.1983). It is a preliminary determination of the court's power to act which is not a decision on the merits with *res judicata* affect. *Parmer v. Bean*, 636 S.W.2d 691, 693 (Mo.App.1982).

■ The burden of proof is on the party claiming that jurisdiction is lacking; however, the quantity of proof required is not high. *DuBose v. Flightsafety, Int'l. Inc.*, 824 S.W.2d 486, 488 (Mo.App.1992).

The motion should be granted by the trial court whenever it "appears" that it does not have jurisdiction. *Id.* This question is a factual one which is left to the sound discretion of the trial court. *Id.*

In the present case, the trial court's determination that it lacked jurisdiction was based on its conclusion that plaintiff was a statutory employee under § 287.040.1, RSMo 1986. Section 287.040.1 provides:

Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

■ To categorize an individual as a statutory employee, three elements must be established: (1) The work was being performed pursuant to a contract; (2) the injury occurred on or about the premises of the alleged statutory employer; and (3) when injured the alleged statutory employee was performing work which was in the usual course of business of the alleged statutory employer. *DuBose*, 824 S.W.2d at 488–89. The purpose of § 287.040.1 is to prevent an employer from avoiding workers' compensation liability by hiring independent contractors to do work which would otherwise be performed by its employees. *Tumbas v. J.L. Mason Group, Inc.*, 809 S.W.2d 188, 190 (Mo.App.1991). When applying this section, the court must evaluate each case on its own facts and must recognize the real roles and relationships of the parties as they relate to the purpose of the statute. *Id.*

Plaintiff argues that the trial court erred in dismissing his petition because "the preponderance of the evidence [did] not establish that [he] was a statutory employee of the defendant." Plaintiff's point does not indicate which element(s) of the statutory employee test was (were) not established; however, his brief concedes that he was working pursuant to a contract and was

injured on defendant's premises. Thus, his point must be that the preponderance of the evidence did not establish that, when injured, he was performing work which was in the usual course of defendant's business.

■ Our review reveals ample evidence that plaintiff's activities at the time he was allegedly injured were in the usual course of defendant's business. Defendant had previously operated its own trucking business and still owned the trailers which S & H used to transport the goods to the stores. S & H's offices were located on land leased from defendant. All deliveries originated at defendant's warehouse and ended at one of its stores. During operating hours, plaintiff and store employees unloaded the goods from the trailer and during non-operating hours unloading was plaintiff's responsibility. The store where plaintiff sustained his alleged injury received 3–4 deliveries per week. At that time, plaintiff drove for S & H seven days per week and 95% of S & H's vehicles were hauling goods from defendant's warehouse to its stores. Under these circumstances, the trial court did not abuse its discretion in finding that plaintiff was a statutory employee.

Plaintiff's specific argument that the trial court erred in dismissing his petition because the contract between S & H and defendant did not delegate defendant's usual business activity to plaintiff has been rejected by the Missouri Supreme Court. *McGuire v. Tenneco, Inc.*, 756 S.W.2d 532, 535 (Mo. banc 1988).

■ Plaintiff also contends that the trial court erred in overruling, as untimely, his application for a change of judge. He argues that the application was filed "prior to commencement of any proceeding on the record" and therefore should have been sustained pursuant to Rule 51.05.

The record before us does not include either the motion for change of judge or the minutes of the proceeding wherein it was denied. However, in plaintiff's brief there is a recitation of an "agreed statement as the record on appeal" which states in relevant part:

The Defendant filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction on two occasions. The first motion was denied. After depositions the Defendant refiled the motion. It was partially heard by Judge Jack Koehr, and the Plaintiff was given time to develop evidence concerning the specifics of the relationship between the parties. After further evidence was developed by way of deposition the Motion was renoticed and called up for hearing. At the time of the hearing, the Plaintiff filed a written Application to Disqualify Judge Koehr which was denied.

We believe that the resolution of this issue is controlled by *Jenkins v. Andrews*, 526 S.W.2d 369, 373 (Mo.App.1975), where it was held that Rule 51.05, relating to application for change of judge, is not to be construed as subverting proceedings already begun by a trial court. We find no error in the denial of plaintiff's application as untimely.

Judgment affirmed.

AHRENS, P.J., and CRIST, J., concur: