**Theresa K. SMITH, Plaintiff–Appellant,**

v.

**HUSSMAN CORPORATION and Gregory R. Burton, Defendants–Respondents.**

No. 63684.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 7, 1993.

John C. Livingston, Chesterfield, for plaintiff-appellant.

Jeffry S. Thomsen, Debbie S. Champion, St. Louis, for defendants-respondents.

CRANDALL, Presiding Judge.

Plaintiff, Theresa K. Smith, appeals from the dismissal of her petition for damages for bodily injury against defendants, Hussman Corporation (Hussman) and Gregory R. Burton. The trial court dismissed her petition for lack of subject matter jurisdiction, there-

by limiting her recovery to that provided under the Missouri Workers' Compensation Law. *See* Chapter 287, RSMo (1986). We affirm.

At the time of the accident, plaintiff was performing services for her employer, Rainey Food Service Corporation (Rainey), at Hussman. Rainey was under contract with Hussman to provide food service in a cafeteria located on Hussman's premises. Plaintiff was injured when her motorized food service cart collided with a vehicle operated by Gregory Burton, an employee of Hussman. The accident occurred inside Hussman's manufacturing plant in Bridgeton, Missouri.

Plaintiff filed a petition against Hussman and Burton, seeking damages for the injuries she sustained as a result of the accident. Defendants filed a motion to dismiss plaintiff's claim for lack of subject matter jurisdiction. In support of their motion, defendants submitted the affidavit and deposition of the Director of Human Resources for Hussman, the contract for food service between Hussman and Rainey, and plaintiff's deposition. The trial court granted defendants' motion to dismiss.

■ The sole issue on appeal is whether, at the time of the accident, plaintiff was a statutory employee of Hussman, thereby making Hussman immune from a common law action for bodily injury by virtue of the provisions of the Workers' Compensation Law. *See Heskett v. Central Missouri State University*, 745 S.W.2d 712, 713 (Mo.App. 1987). Section 287.040.1, RSMo (1986) provides that "[a]ny person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer...." The purpose of the statute is to prevent an employer from evading workers' compensation liability by hiring independent contractors to perform work which the employers' own employees would otherwise perform. *Tumbas v. J.L. Mason Group, Inc.*, 809 S.W.2d 188, 190 (Mo.App.1991). To categorize an employee as a statutory employee, it must be found that (1) the work was performed pursuant to a contract; (2) the injury occurred on or about the premises of the statutory employer; and (3) the work

was in the usual course of business of the statutory employer. *Id.*; *King v. American Tel. and Tel. Co.*, 848 S.W.2d 610, 610–611 (Mo.App.E.D.1993).

Hussman urges this court to follow *King* and *Heskett*, cases which are similar on their facts to the action before us. In both cases we upheld the dismissal of a common law negligence action by a food service worker against the institution which had contracted its food service operations to the plaintiff's employer. Plaintiff, however, posits that the present action is distinguishable on its facts from either *King* or *Heskett*, in that the plaintiff in each of those cases did not produce any evidence to establish that food service was only ancillary or incidental to the business of the institution which contracted for such services. Plaintiff argues that, unlike either of the plaintiffs in *King* and *Heskett*, she submitted her deposition to counter Hussman's evidence that the provision of food service was part of the operation of its usual business.

■ In the instant action, the affidavit by Hussman's Director of Human Resources stated that providing cafeteria food service for employees at the Bridgeton plant was part of the operation of Hussman's business at that facility. In addition, in his deposition, he stated the following facts: providing food service was an integral and essential part of the operation of Hussman's business at its Bridgeton facility; food service was a benefit which Hussman provided to its employees and which they, in turn, expected; and Hussman owned all of the equipment used by the food service employees and provided the utilities to food service. Plaintiff's deposition in the record did not controvert any of Hussman's evidence regarding whether providing food service was part of the operation of Hussman's business at the Bridgeton plant. In fact, plaintiff specifically stated that Hussman employees were responsible for the maintenance of her food cart. Plaintiff's evidence failed to counter Hussman's evidence produced in support of the motion to dismiss for lack of jurisdiction.

Based on the evidence before it, the trial court properly dismissed plaintiff's action,

thus limiting her recovery to that provided under Workers' Compensation Law. Plaintiff's point is denied.

The order of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.