Allen **MILLER** et al.,
Plaintiffs/Appellants,

v.

**McDONNELL DOUGLAS CORPORATION**, Defendant/Respondent.

No. 66663.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 25, 1995.

---

Frederick H. Schwetye & Robert L. Davis, Frederick H. Schwetye Law Offices, Union, for appellant.

James E. Whaley & James R. Cantalin, Brown & James, P.C., St. Louis, for respondent.

CRANDALL, Judge.

■ Plaintiff,[1] Allen Miller, brought a common law negligence action against defendant, McDonnell Douglas Corporation. He alleged he was injured on defendant's parking lot when he slipped and fell on ice and water which had accumulated there. On motion of defendant, the trial court dismissed the action for lack of subject matter jurisdiction.[2] We affirm.

Defendant claimed, in its motion, that plaintiff was employed by Contel Customer Support (Contel), a division of Continental Telephone Company of Missouri, to install and maintain defendant's telecommunication system; that at the time of the accident, plaintiff had received his work orders for the day and was walking from Contel's support

---

1. We refer to plaintiff in the singular form, because the claim of plaintiff-wife, Melodie Miller, is for loss of consortium and is therefore derivative of plaintiff-husband's claim.

2. Generally, when matters outside the pleadings are presented to and not excluded by the trial court, a motion to dismiss is to be treated as one for summary judgment. *Black Leaf Products Co. v. Chemsico, Inc.*, 678 S.W.2d 827, 829 (Mo.App.

1984). When the applicability of Workers' Compensation Law is raised as a defense, however, the trial court must initially treat it as a motion to dismiss for lack of subject matter jurisdiction regardless of the manner in which it is raised. *DuBose v. Flightsafety Intern., Inc.*, 824 S.W.2d 486, 488 (Mo.App.1992). Rules 55.27 and 55.28 establish procedures for the presentation of affidavits, exhibits, and evidence on the issue of jurisdiction.

office located on defendant's premises to his work vehicle; that the work plaintiff was performing was done pursuant to a contract between Contel and defendant to install and maintain the telecommunication system; that the work was an integral and essential part of defendant's usual business; and that plaintiff was a statutory employee of defendant, such that his remedy was limited to that provided by Workers' Compensation Law. Defendant attached various exhibits to its motion, including an affidavit of one of its employees. Plaintiff responded to the motion with a memorandum of law in opposition and his affidavit denying that the work he performed was in the usual course of defendant's business. The trial court sustained the motion to dismiss.

■ In his sole point on appeal, plaintiff contends the trial court erred in dismissing his action for lack of subject matter jurisdiction on the basis that he was defendant's statutory employee, thereby limiting his recovery to that under Workers' Compensation Law. When Workers' Compensation Law applies, it provides the exclusive remedy and an injured worker may not pursue common law remedies. § 287.120.2, RSMo (1994). The Labor and Industrial Relations Commission's jurisdiction is original and exclusive. *DuBose v. Flightsafety Intern., Inc.*, 824 S.W.2d 486, 488 (Mo.App.1992). The question of subject matter jurisdiction is a factual one which is left to the sound discretion of the trial court. *Id.*

Section 287.040.1, RSMo (1994) defines statutory employee as follows:

Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

■ The statute establishes a constructive employment relationship in order to extend workers' compensation coverage to employees of employers who have work done pursuant to a contract. *Tumbas v. J.L. Ma-*

son Group, Inc., 809 S.W.2d 188, 190 (Mo. App.1991). To categorize an employee as a statutory employee, it is necessary that three elements exist: (1) the work was performed pursuant to a contract; (2) the injury occurred on or about the premises of the statutory employer; and (3) the work was in the usual course of business of the statutory employer. *Id.*

■ Plaintiff concedes the first two elements are not at issue in the present case. The salient issue is whether the work was in the usual course of defendant's business. In determining the application of § 287.040.1, each case must be determined on its own facts and the court must recognize the real roles and relationships of the parties as they relate to the purpose of the statute. *Tumbas*, 809 S.W.2d at 190.

Plaintiff asserts that installing and maintaining the telecommunication system was not in the usual course of defendant's business. He argues that if he were working in aerospace technology, he would qualify for classification as a statutory employee, because that type of work is in the usual course of defendant's business.

■ To be classified as a statutory employee, however, the worker need not be engaged in work which is identical to the usual business of the employer. Statutory employee status is predicated on whether the work performed by the worker was an integral and essential part of the business of the alleged statutory employer.

In *Kennedy v. J.D. Carson Co.*, 149 S.W.2d 424, 428 (Mo.App.1941), the court found an elevator repairman to be the statutory employee of a furniture company, because the elevator was essential to the business of exhibiting, selling, and delivering furniture. In *Viselli v. Missouri Theatre Bldg. Corp.*, 234 S.W.2d 563, 566–567 (Mo.1950), the court held that a window washer was the statutory employee of the owner of a commercial building, because window washing was an integral and essential part of the building owner's business. In *Heskett v. Central Missouri State University*, 745 S.W.2d 712, 713 (Mo. App.1987), a food service worker was held to

be the statutory employee of the university, because food service was an integral part of the university's activities. In *Mooney v. Missouri Athletic Club*, 859 S.W.2d 772, 774 (Mo.App.E.D.1993), the court found a security guard to be the statutory employee of an athletic club, because furnishing security guards was an integral part of the club's operation.

In the instant action, the affidavit of an employee of defendant stated that the installation and maintenance of the telecommunication system was an integral and essential part of defendant's usual business and was performed on an on-going basis. The telecommunication system was a highly necessary instrumentality in carrying on defendant's business. *See Kennedy*, 149 S.W.2d at 429 (elevator "highly necessary instrumentality" in carrying on furniture business). Thus, the system's installation and maintenance was necessary to the day-to-day operation of defendant's business. Plaintiff provided the telecommunication service on a continuing basis; such service was not an isolated or sporadic event. *Compare Rouge v. St. Charles Speedway*, 733 S.W.2d 854 (Mo.App.1987) (repairman not statutory employee of speedway, because repair of P.A. system for speedway was isolated event). Plaintiff reported for his daily work assignments to Contel's office which was located directly on defendant's premises. After receiving his work assignments for the day, he picked up his work vehicle which was parked on defendant's lot. Contel's close proximity to defendant indicated that defendant anticipated the necessity for maintaining the telecommunication system and prepared in advance for work on the system to be accomplished expeditiously. *See Kennedy*, 149 S.W.2d at 429.

A preponderance of the evidence showed that the installation and maintenance of the telecommunication system was within the usual course of defendant's business. Plaintiff was therefore a statutory employee of defendant when he was servicing the telecommunication system. His exclusive remedy is that provided by Workers' Compensation Law. The trial court properly dismissed without prejudice plaintiff's action for lack of subject matter jurisdiction. Plaintiff's point is denied.

The judgment of the trial court is affirmed.

CRANE, P.J., and DOWD, J., concur.

