**RACKET MERCHANDISE COMPANY, Appellant,**

v.

**NEW CASTLE CORPORATION, Respondent.**

**No. WD 57019.**

Missouri Court of Appeals, Western District.

Dec. 7, 1999.

Bernard Rhodes, Kansas City, for appellant.

David Brian Pointer, Kansas City, for respondent.

PAUL M. SPINDEN, Judge.

Racket Merchandise Company appeals the circuit court's judgment dismissing its petition against New Castle Corporation for breach of contract. The circuit court dismissed Racket Merchandise's petition because it concluded that it lacked jurisdiction. Racket Merchandise appeals. We reverse the circuit court's judgment.

According to Racket Merchandise's petition, Racket Merchandise is a Missouri corporation whose principal place of business is in Jackson County, and New Castle is a Nevada corporation whose principal place of business is Las Vegas. Racket Merchandise alleged that New Castle sent, via a facsimile machine, its purchase order on May 11, 1998, to Racket Merchandise ordering 800 cases of shampoo and 250 cases of lotion. Racket Merchandise shipped the requested goods, it averred, to New Castle on June 12, 1998, and sent invoices the same day requesting payment for $11,760. According to Racket Merchandise' petition, New Castle ignored Racket Merchandise's repeated demands for payment and did not pay any portion of the $11,760.

When Racket sued New Castle for not paying it, it attached a copy of New Castle's purchase order to its petition as Exhibit A. The purchase order said, "The laws of the State of Nevada apply to this order." It also said, "See opposite side of sheet containing Terms and Conditions."

Racket Merchandise's Exhibit A did not contain this other sheet.

New Castle responded to Racket Merchandise's lawsuit by asking the circuit court to dismiss the petition on the ground that the circuit court lacked jurisdiction. It attached to its motion a photocopy of a document that it asserted was the reverse side of its purchase order in Exhibit A attached to Racket Merchandise's petition. This document said, "The Courts of Nevada shall have exclusive jurisdiction over matter relating to this purchase order."

The next day, the circuit court heard arguments on the motion and granted New Castle's motion. It later issued its judgment dismissing the lawsuit on the ground that it lacked jurisdiction. Racket Merchandise appeals.

■ A circuit court should grant a motion to dismiss "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction[.]" Rule 55.27(g)(3). The party alleging that the circuit court lacks jurisdiction has the burden of proving by a preponderance of evidence that the circuit court did lack jurisdiction. *Burns v. Employer Health Services, Inc.*, 976 S.W.2d 639, 641 (Mo. App.1998). When considering a motion averring that the court lacks jurisdiction, the circuit court is not restricted to consideration of the pleadings. *Rell v. Burlington Northern Railroad Company*, 976 S.W.2d 518, 520 (Mo.App.1998). "Rules 55.27 and 55.28 establish a flexible and effective procedure for the presentation of affidavits, exhibits and evidence on this factual question of jurisdiction." *DuBose v. Flightsafety International, Inc.*, 824 S.W.2d 486, 488 (Mo.App.1992).

■ The circuit court heard only arguments on the motion to dismiss. It did not base its decision on a factual record. Because subject matter jurisdiction is a question of fact, New Castle's burden was to prove by a preponderance of the evidence that the circuit court lacked jurisdiction. *Id.* Simply attaching an unauthenticated

copy of a purported purchase order did not satisfy its burden.

New Castle did not claim in its motion that it had sent by facsimile machine the second page of the purchase order to Racket Merchandise or that Racket Merchandise knew of the terms on the second page and agreed to them. Even if an affidavit had accompanied the second page of the purchase order verifying its contents and authenticity, New Castle would not have met its burden. New Castle was obligated to present evidence that established that it had sent the second page of the purchase order to Racket Merchandise and that Racket Merchandise received the second page of the purchase order, that Racket Merchandise agreed to the terms provided on the second page of the purchase order or that Racket Merchandise had previously dealt with New Castle and knew the terms of the purchase order.

Without such facts in the record, the circuit court had no basis for granting New Castle's motion. The circuit court, therefore, abused its discretion in granting New Castle's motion. We reverse the circuit court's judgment and remand for further proceedings.

PATRICIA BRECKENRIDGE, Presiding Judge, and HAROLD L. LOWENSTEIN, Judge, concur.