Kenneth G. CHARRON, Appellant,

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, et al.,** Respondents.

No. WD 74844.

Missouri Court of Appeals, Western District.

July 31, 2012.

Kenneth G. Charron, Bowling Green, MO, Appellant, pro se.

Chris Koster, Attorney General, Michael Spillane, Assistant Attorney General, Jefferson City, MO, for Respondents.

Before Division II: JOSEPH M. ELLIS, Presiding Judge, and ALOK AHUJA and MARK D. PFEIFFER, Judges.

MARK D. PFEIFFER, Judge.

Kenneth G. Charron ("Charron") appeals the dismissal of his petition for failure to state a claim by the Circuit Court of Cole County, Missouri. More specifically, Charron contests the authority of the trial judge to rule the motion to dismiss that was filed with the circuit court after Charron had previously timely filed a motion for change of judge. We reverse and remand.

**Factual and Procedural Background**

Charron, a Missouri Department of Corrections inmate sentenced in 1986 to a life term and thirty-year sentences for his criminal convictions for forcible rape, burglary, and robbery, filed a petition seeking relief against the Missouri Board of Probation and Parole ("Board") with the Circuit Court of Cole County, Missouri, on July 28, 2011. Charron's petition alleged that the Board unlawfully failed to grant him a parole-eligibility hearing within the first 150 days of his incarceration, contrary to the Board's rules and regulations, and that he is entitled to a hearing and judicial review under chapter 536 of the Administrative Procedure Act ("APA") because Charron argues that his case is a contested case as defined by chapter 536.[1] The

1. Though our ruling today does not address the substance of these claims, we find previ-

Board filed a motion to dismiss Charron's petition for failure to state a claim upon which relief could be granted.

Less than two months after service of process upon the Board, Charron filed a motion for change of judge to remove the judge that had been assigned to the case. The originally assigned trial judge denied Charron's motion for change of judge as untimely, and subsequently granted the Board's motion to dismiss.

Charron appeals.

### Analysis

In his first point on appeal, Charron argues the trial judge originally assigned to the case erred in denying his motion for a change of judge as untimely. Our ruling on this point is dispositive of Charron's appeal.

▮▮▮▮ Under Rule 51.05(a), a "change of judge shall be ordered in any civil action upon the timely filing of a written application therefor by a party." The automatic change of judge under Rule 51.05 "comports with the adage that the right to disqualify a judge is one of the keystones of our legal administrative edifice." *State ex rel. Kramer v. Walker*, 926 S.W.2d 72, 75–76 (Mo.App. W.D.1996) (internal quotation omitted). If a motion for change of judge is timely filed, "the court has no jurisdiction to do anything other than to grant the application and transfer the cause." *State ex rel. Cohen v. Riley*, 994 S.W.2d 546, 547 (Mo. banc 1999). To be timely, the motion must be filed within sixty days of service of process, or within thirty days of the designation of the trial judge, whichever is *longer*. Rule 51.05(b).

The originally assigned trial judge below denied Charron's motion for change of judge as untimely filed, even though Charron's motion was filed less than sixty days after service of process upon the Board. The Board admits that Charron's motion for change of judge was filed within sixty days of service of process and that the trial judge erred in denying the motion.

▮▮▮▮ The Board also admits the trial judge erred in entertaining a ruling on the Board's motion to dismiss Charron's petition—which was *filed* before the motion for change of judge—but had not been *"taken under submission"* at the time Charron's motion for change of judge was filed. "Only motions that are taken under submission before the application for change of judge is filed may be ruled upon by that judge." *Miller v. Mauzey*, 917 S.W.2d 633, 635 (Mo.App. W.D.1996). The judge has no discretion to rule on other motions. *West v. Moran*, 586 S.W.2d 68, 70 (Mo.App. E.D.1979). *See also Reynolds v. Reynolds*, 163 S.W.3d 567, 569 (Mo.App. E.D.2005) (" 'Once an application to change the judge is properly filed, the court must grant the motion' " and cannot take any other action).

▮▮▮▮ In *Miller*, this court held that because the motion to dismiss was not under submission before the motion for change of judge was filed, the originally assigned trial judge lacked jurisdiction to rule on the motion to dismiss, and thus the trial court's order was null and void. 917 S.W.2d at 635. However, in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), the Missouri Supreme Court

---

ous precedent from this court instructive on those topics. *See Ladd v. Mo. Bd. of Prob. & Parole*, 299 S.W.3d 33, 36–42 (Mo.App. W.D. 2009) (providing an in-depth discussion of why claims such as Charron's are not contested cases under the Act); *Blackburn v. Mo. Bd.*

*of Prob. & Parole*, 83 S.W.3d 585, 587 (Mo. App. W.D.2002) (noting that "there is no right to parole in Missouri," and the Board's discretionary actions are reviewed with this in mind).

has since clarified that Missouri recognizes only two types of jurisdiction: personal and subject matter. *Id.* at 251–53. Both personal and subject matter jurisdiction derive from constitutional principles. *Id.* Subject matter jurisdiction refers to the "court's authority to render a judgment in a particular category of case." *Id.* at 253. In Missouri, the court's subject matter jurisdiction derives directly from article V, section 14 of the Missouri Constitution, which states that "[t]he circuit courts shall have original jurisdiction over all cases and matters, civil and criminal." *Id.* The Missouri Supreme Court has clarified the confusion between the concept of a circuit court's *jurisdiction,* which is a matter determined under Missouri's constitution, with the "separate issue of the circuit court's *statutory or common law authority* to grant relief in a particular case." *McCracken v. Wal–Mart Stores E., L.P.,* 298 S.W.3d 473, 477 (Mo. banc 2009). Therefore, rather than lacking *jurisdiction* to consider and rule upon the Board's motion to dismiss, the trial judge instead lacked *authority* to do so under Missouri rules and case law.

 Once Charron's motion was timely filed, the originally assigned trial judge only possessed authority to rule upon any motions already submitted. *Miller,* 917 S.W.2d at 635. Here, then, the trial judge lacked authority to rule upon the Board's motion to dismiss, and the corresponding judgment ruled upon by the trial judge must be reversed; and upon remand, the only authority of the assigned trial judge is to sustain Charron's motion for change of judge—at which point further proceedings consistent with our ruling today should occur.[2]

---

2. The Board suggests that the trial judge's error is harmless error. However, when as here, the appellant has properly raised the issue of the trial judge's authority to rule on the motion to dismiss, the error of a trial judge ruling that lacked authority in the first place is plainly and simply *not* harmless—it is, as we rule today, reversible error.

### Conclusion

The judgment below is reversed and remanded for proceedings as outlined by, and consistent with, our ruling today.

JOSEPH M. ELLIS, Presiding Judge, and ALOK AHUJA, Judge, concur.

