

# In the Missouri Court of Appeals
# Eastern District

**SPECIAL DIVISON**

| | | |
|---|---|---|
| MICHELLE M. WORTH, | ) | No. ED110616 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| v. | ) | Cause No. 22JE-CC00247 |
| | ) | |
| SHANNON R. RODEN, | ) | Honorable Troy Cardona |
| | ) | |
| Appellant. | ) | Filed: June 2, 2022 |

OPINION

Shannon Roden appeals the circuit court's judgment disqualifying her as a candidate in the primary election for the Jefferson County Collector of Revenue's office for her alleged failure to timely file an affidavit of bondability. We do not reach the substantive issues presented in this appeal because we find that the trial judge lacked authority to enter the judgment. Roden timely filed a motion for change of judge under Rule 51.05,[1] which divested the trial judge of authority to take any action other than ruling on motions already under submission and granting the change of judge. The circuit court erred in denying Roden's motion for change of judge and proceeding to trial without the authority to do so. The judgment is vacated and the cause is remanded for further proceedings consistent with this opinion.

---

[1] All rule references are to Supreme Court Rules 2022.

**Factual and Procedural Background**

Michelle Worth filed a verified petition on March 30, 2022, seeking to disqualify Roden as a candidate on the August primary ballot. Worth argued that Roden should be disqualified because she failed to timely file the affidavit of bondability required by § 52.010[2] and because she had unpaid personal property taxes. Worth obtained service of process on Roden on April 1 and the cause was assigned to the trial judge on April 4. Roden filed her answer to the verified petition on April 20 and a motion to dismiss on April 22.

On May 2, the circuit court conducted a hearing on Roden's motion to dismiss, took that motion under submission, and set a trial date of May 16, 2022. Later on May 2, Roden filed a motion for change of judge under Rule 51.05. Worth filed suggestions in opposition to the motion, and the circuit court denied the requested change on May 3.

The parties proceeded to trial on a joint stipulation of exhibits, which the parties filed on May 18, 2022. The circuit court issued its judgment on May 23, 2022, ruling that Roden's name should be stricken from the primary ballot because she failed to timely file her affidavit of bondability. The circuit court also ruled that Worth failed to present sufficient evidence to support her claims that Roden was delinquent in paying her personal property taxes.

Roden filed a notice of appeal the next day, and this Court took the appeal on an expedited basis as authorized by § 115.551.

**Analysis**

Roden raises three points on appeal. First, Roden argues that the circuit court erred in disqualifying her from the ballot. Second, Roden argues that Worth failed to prove she has standing

---

[2] All statutory references are to RSMo 2016, unless otherwise noted.

to challenge Roden's qualifications because Worth did not prove at trial that she is a candidate for the Jefferson County Collector of Revenue's office. Third, Roden argues that the circuit court was without authority to enter its judgment because it erroneously denied her motion for change of judge. Because we agree with Roden's third point, we do not reach the other issues raised in this appeal.

Rule 51.05 provides a party an "absolute right to disqualify a judge once without cause or any showing of prejudice." *State ex rel. Manion v. Elliott*, 305 S.W.3d 462, 464 (Mo. banc 2010). This Court has noted that "[t]he right to disqualify a judge is a keystone of our judicial system, and Missouri courts follow a liberal rule construing it." *State ex rel. Stockman v. Frawley*, 470 S.W.3d 401, 404 (Mo. App. E.D. 2015). As a result, upon presentation of a timely Rule 51.05 motion, the circuit court may take no other action but to grant the motion. *Manion*, 305 S.W.3d at 463 ("The filing of a timely application for change of judge deprives the court of further authority to do anything in the case other than grant the application.").

To be timely, "[t]he application must be filed within 60 days from service of process or 30 days from the designation of the trial judge, whichever time is longer." Rule 51.05(b). Here, the longer period of time is sixty days from service of process. Service occurred on April 1, 2022, making May 31, 2022, the last day to timely file an application under Rule 51.05. Roden's May 2 motion was filed well within the sixty-day time limit.

Worth, however, argues that Roden's Rule 51.05 motion was untimely because she filed it less than thirty days before trial and because the parties already appeared before the trial judge on Roden's motion to dismiss. Worth's argument relies on a misapplication of the second sentence of Rule 51.015(b), which reads: "If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to any appearance before the trial judge." Under

3

this provision, an appearance before the trial judge renders a motion under Rule 51.05 untimely if, and only if, the trial judge was designated less than thirty days before trial. Here, the trial judge was designated 42 days before trial, rendering the second sentence of Rule 51.05(b) inapplicable.

Worth also argues that this Court should follow *Jenkins v. Andrews*, 526 S.W.2d 369 (Mo. App. W.D. 1975), and *Heller v. Aldi, Inc.*, 851 S.W.2d 82 (Mo. App. E.D. 1993), each of which held that a circuit court retains authority to rule on any motion taken under submission before ruling on a subsequently filed motion for change of judge. Worth reads these cases too broadly. While each stands for the proposition that a party cannot avoid a ruling on a motion already under submission by filing a Rule 51.05 motion, neither case held that a trial judge subject to a timely request for change of judge can hear additional motions or conduct further proceedings not already under submission.

In *Jenkins*, the defendant filed a motion for summary judgment, or in the alternative to dismiss the plaintiff's petition. 526 S.W.2d at 371. The court heard argument on the motions and indicated that it was inclined to overrule the motion for summary judgment but sustain the motion to dismiss. *Id.* The plaintiffs asked for leave to amend their petition, which the circuit court granted. *Id.* Rather than filing an amended petition, the plaintiffs filed a motion for change of judge. *Id.* Following argument on the motion for change of judge, the circuit court entered an order overruling the motion for summary judgment, but sustaining the motion to dismiss. *Id.* The court then sustained the motion for change of judge. *Id.* On appeal, this Court held that the circuit court did not err in ruling on the motion to dismiss before sustaining the change of judge. *Id.* at 373. In so holding, this Court noted that allowing disqualification prior to a ruling on the motion already under submission "would nullify the hearing which had been held, result in a duplication of the proceeding already undertaken and permit appellants to take advantage of a tentative expression

4

of opinion by the trial judge on the matter submitted to avoid his action upon it." *Id.* As a result, this Court held that "the action of the trial court in ruling on the motion previously submitted before acting on the disqualification was not error." *Id.*

Similarly, in *Heller*, this Court held that the circuit court did not err in ruling on a motion to dismiss for lack of subject matter jurisdiction that had previously been taken under submission by the Court rather than ruling on the plaintiff's motion for change of judge. 851 S.W.2d at 85. Like *Jenkins*, *Heller* involved a party seeking to prevent a judge from ruling on a motion to dismiss that had been submitted and argued. *Id.* Also like *Jenkins*, the *Heller* Court found that there was no error in allowing the circuit court to rule on the pending motion before addressing the motion for change of judge. *Id.* To do otherwise ran the risk of allowing Rule 51.05 to subvert proceedings already begun by a trial court. *Id.*

Numerous other cases also support a circuit court's decision to rule on motions taken under submission before ruling on a subsequently filed change of judge. *See, e.g.*, *Charron v. Mo. Bd. of Prob. & Parole¸* 373 S.W.3d 26, 28 (Mo. App. W.D. 2012) ("Only motions that are taken under submission before the application for change of judge is filed may be ruled upon by that judge." (citing *Miller v. Mauzey*, 917 S.W.2d 633, 635 (Mo. App. W.D. 1996)); *Natural Bridge Development Co. v. St. Louis County Water Co.*, 563 S.W.2d 522, 526 (Mo. App. E.D. 1978) ("The extent of the rule announced in *Jenkins* is that the timely filing of an application for change of judge cannot deprive the court of jurisdiction to rule upon those matters which are then under submission to the court for a ruling.").

But this case case differs from *Jenkins* and *Heller* in a significant respect. The trial judge here did not simply rule on the motion to dismiss that was under submission before acting on the motion for change of judge. Instead, the trial judge denied the timely filed motion for change of

judge and continued on with subsequent proceedings, including a trial on the merits. While *Jenkins* and *Heller* would both support the trial judge's decision to rule on the motion to dismiss before granting the change of judge, they do not support the judge's decision to deny the timely motion for change of judge outright and proceed to trial.

Once Roden submitted her timely filed Rule 51.05 motion, the trial judge only had authority to rule on the previously submitted motion to dismiss and then grant the change of judge for all other proceedings in the matter. Having failed to do so, the trial judge lacked authority to conduct the trial and enter judgment. *Charron*, 373 S.W.3d at 28-29 & n.2. Therefore, we must vacate the judgment entered without authority and remand with instructions that the assigned trial judge sustain the motion for change of judge. The case may then proceed in a manner consistent with this opinion.

We are mindful that this a time-sensitive election contest brought under § 115.526 and that our opinion today on procedural grounds may have the practical effect of precluding a full review of the substantive allegations. Even so, we reject Worth's argument that the timelines of Rule 51.05 are inconsistent with election contest lawsuits. The record reflects that the circuit court and circuit clerk worked in the manner demanded by the circumstances to expedite the proceedings. The clerk issued a summons the day the suit was filed and service was obtained the very next day. The circuit court provided due attention to the matter and ensured it was heard expeditiously. We see no reason to presume that there would have been a meaningful delay in the trial of this case had the circuit court sustained, rather than overruled, the motion for change of judge on May 3.

## Conclusion

For the foregoing reasons, the circuit court's judgment is vacated and the case is remanded for further proceedings consistent with this opinion.

_____
John P. Torbitzky, J.

Philip M. Hess, P.J., and
Thomas C. Clark II, J., concur.